FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUG 2 4 2011

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Count 1:  18 U.S.C. § 371: Conspiracy; |
| | ) | |
| Plaintiff, | ) | Counts 2 - 10:  18 U.S.C. § 924(a)(1)(A): |
| | ) | False Statements in Connection With the |
| vs. | ) | Acquisition of Firearms, and 18 U.S.C. § 2: |
| | ) | Aiding and Abetting; |
| **RICK REESE,** | ) | |
| **TERRI REESE,** | ) | Counts 11 - 28: 18 U.S.C. § 554: Smuggling |
| **RYIN REESE,** and | ) | Goods from the United States, and 18 U.S.C. |
| **REMINGTON REESE,** | ) | § 2:  Aiding and Abetting; and |
| | ) | |
| Defendants. | ) | Counts 29 and 30: 18 U.S.C. 1956(h): |
| | ) | Money Laundering Conspiracy. |

INDICTMENT                 11-CR-2294

The Grand Jury charges:

Introduction

1.       Transnational Criminal Organizations operating in Mexico, oftentimes referred to

as Mexican Cartels, rely upon the use of firearms and ammunition to protect their supply of drugs,

supply routes, profits, and distribution territory from both law enforcement agents and competing

Cartels.

2.       Mexican Cartels represent a ready and lucrative market for firearms and

ammunition from the United States.  Mexican Cartels prefer certain makes, models, and calibers

of firearms.  These "weapons of choice" are generally semi-automatic versions of military type

rifles and pistols.  They include .50 caliber rifles (which use .50 caliber ammunition), AK-47 type

rifles and pistols (which use 7.62mm ammunition), AR-15 rifles (which use 5.56mm and .223

caliber ammunition), 9mm pistols (which use 9mm ammunition), and other high-powered handguns.

3.    Mexican Cartels desire .50 caliber rifles because they are capable of shooting a target from at least 1,000 meters away, and can shoot through a brick wall or penetrate the engine block of a vehicle.  Mexican Cartels desire AK-47 type rifles and pistols because they are:  (1) capable of accepting high-capacity magazines; (2) rugged and durable in extreme conditions such as deserts and jungles; and (3) easily convertible to fully-automatic mode, meaning the firearm will continue to load and fire rounds of ammunition as long as the trigger is activated or until the firearm runs out of ammunition.

4.    These firearms, and the ammunition that they use, are not available in Mexico through regular commercial retail channels, but are available in the United States through licensed retail gun shops.  Therefore, Mexican Cartels rely on the commercial firearms market from the United States, among other places, to supply their para-military wings and enforcers. Firearms traffickers commonly purchase the firearms and ammunition they smuggle into Mexico from licensed retail gun shops in the United States.  Because of their unavailability in Mexico, these firearms and ammunition are worth significantly more in Mexico than in the United States.

5.    A Federal Firearms Licensee ("FFL") is a business licensed under Chapter 44 of Title 18, United States Code, to engage in the business of dealing in firearms.  When a purchaser buys a firearm from an FFL, that buyer must fill out a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473 (Firearms Transaction Record), which asks for and requires the buyer's true name, current residential address, and other identifying information.  The information on the ATF Form 4473 makes it possible to trace a firearm back to its retail

purchaser. FFLs are required by Chapter 44 of Title 18, United State Code, to maintain these forms in their records.

6.      In addition, ATF Form 4473 asks the purchaser: "Are you the actual transferee/buyer of the firearm(s) listed on this form?  Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you . . . ."

7.      If an FFL or employee of an FFL knows that the individual filling out an ATF Form 4473 is not the actual purchaser of the firearm(s), but is instead purchasing the firearm(s) on behalf of another person, it is illegal for the FFL or an employee to sell the firearm(s) to that individual.

8.      Firearms traffickers often employ "straw purchasers" to buy firearms from licensed gun dealers in the United States.  These straw purchasers are commonly paid to falsely claim on the ATF Form 4473 that they are buying the firearm(s) for themselves, when in fact they are purchasing the firearm(s) on behalf of another.

9.      Firearms traffickers commonly acquire firearms through straw purchasers to conceal the true purchaser.  Firearms purchased in furtherance of a firearms trafficking conspiracy are usually purchased in cash to further conceal the true buyer and source of funds.

10.      Firearms traffickers commonly employ multiple straw purchasers to supply them with  their firearms, ensuring that they have more than one source of firearms for distribution to their buyers.  Firearms traffickers also employ multiple straw purchasers to avoid detection by law enforcement because multiple people purchasing smaller amounts of firearms arouse less suspicion than one person purchasing a large amount of firearms.

11.    At all times relevant to this Indictment, Old Ironsides, LLC, doing business as New Deal Shooting Sports (hereafter called "New Deal") in Deming, New Mexico, was an FFL, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, to deal in firearms.  At all times relevant to this Indictment, Defendant **RICK REESE** owned New Deal.

12.    At all times relevant to this Indictment, Defendants **RICK REESE, TERRI REESE, RYIN REESE,** and **REMINGTON REESE,** worked at New Deal selling firearms, ammunition, and other supplies.

13.    Only those individuals possessing an export license from either the United States Department of State or the United States Department of Commerce may legally export certain firearms and ammunition from the United States, including AK-47 type rifles and pistols, .50 caliber rifles, AR-15 rifles, 9mm handguns, and ammunition including .50 caliber, .223 caliber, 7.62mm, 9mm, and 5.56mm.

14.    At all times relevant to this Indictment, Defendants **RICK REESE, TERRI REESE, RYIN REESE,** and **REMINGTON REESE,** did not have, and have never had, an export license from either the United States Department of State or the United States Department of Commerce.

Count 1<br>(Conspiracy)

Beginning in or about April, 2010 and continuing to on or about July 29, 2011, in Luna County, in the District of New Mexico and elsewhere, Defendants **RICK REESE, TERRI REESE, RYIN REESE,** and **REMINGTON REESE,** unlawfully, knowingly and intentionally did combine, conspire, confederate and agree together and with each other and with others known

and unknown to the grand jury, to commit the following offenses against the United States:

making false statements in connection with the acquisition of firearms, contrary to 18 U.S.C. §

924(a)(1)(A); and smuggling goods from the United States, contrary to 18 U.S.C.

§ 554.

Manner and Means of the Conspiracy

As part of the conspiracy:

1.      The Defendants, licensed under the provisions of Chapter 44 of Title 18, United

States Code, operated New Deal as an FFL in Deming, New Mexico, and assisted others in the

illegal acquisition of firearms and ammunition, and the smuggling and attempted smuggling, of

those firearms and ammunition from the United States to Mexico.

2.      The Defendants and others knowingly made false statements and representations in

that the Defendants executed ATF Forms 4473 (Firearms Transaction Records), representing that

the individual executing each form was the actual purchaser of the firearm(s) when in fact that

individual was buying the firearm(s) for others.

3.      The Defendants sold and dealt in the types of firearms and ammunition for which

there was a ready market among the Mexican Cartels.

4.      The Defendants sold such firearms and ammunition at a discounted price to

persons known to the grand jury.

5.      The Defendants and others knowingly sold and facilitated the transportation,

concealment, and sale of firearms and ammunition prior to exportation, knowing the firearms and

ammunition were intended to be exported illegally to Mexico.

6.      The Defendants sold these firearms and ammunition in exchange for money that was represented to have been derived from the illegal trafficking of firearms and narcotics.

7.      After the Defendants illegally sold firearms and ammunition, other individuals known to the grand jury knowingly smuggled those firearms and ammunition from the United States to Mexico.

Overt Acts

In furtherance of the conspiracy, and to accomplish the objectives of the conspiracy, the following overt acts, among others, were committed between approximately April 2010 and July 29, 2011 in the District of New Mexico and elsewhere:

1.      On or about July 8, 2010, at New Deal, **RYIN REESE** sold ten AK-47 type rifles to an individual known to the grand jury. During this transaction, **RYIN REESE** knowingly assisted this individual in falsely representing on ATF Form 4473 that he/she was the actual purchaser of the firearms.

2.      On or about July 8, 2010, individuals known to the grand jury concealed in a vehicle the ten AK-47 type rifles that had been straw-purchased from New Deal that same day, smuggled the firearms to Mexico, and transferred the firearms to Mexican Cartel members.

3.      On or about August 21, 2010, at New Deal, an individual known to the grand jury told **RYIN REESE** that he/she needed more firearms for the people in Mexico, and that he/she was taking the firearms and ammunition to Mexico.

4.      On or about August 21, 2010, at New Deal, **RYIN REESE** sold one AK-47 type rifle to an individual known to the grand jury. During this transaction, **RYIN REESE** knowingly

assisted this individual in falsely representing on the ATF Form 4473 that he/she was the actual purchaser of the firearm.

5.     On or about August 21, 2010, individuals known to the grand jury concealed in a vehicle the AK-47 type rifle that had been straw-purchased from New Deal that same day, smuggled the firearm to Mexico, and transferred the firearm to Mexican Cartel members.

6.     On or about August 25, 2010, at New Deal, **RYIN REESE** sold seven AK-47 type pistols to an individual known to the grand jury.  During this transaction, **RYIN REESE** knowingly assisted this individual in falsely representing on the ATF Form 4473 that he/she was the actual purchaser of the firearms.

7.     On or about August 25, 2010, individuals known to the grand jury concealed in a vehicle the seven AK-47 type rifles that had been straw-purchased from New Deal that same day, smuggled the firearms to Mexico, and transferred the firearms to Mexican Cartel members.

8.     On or about August 28, 2010, **TERRI REESE** was notified by law enforcement that a firearm previously sold at New Deal had been recovered.  **TERRI REESE** thereafter notified the individual who had signed for the firearm that the firearm had been recovered, and explained that nothing could be discussed on the phone because **TERRI REESE** believed her phones were being monitored by law enforcement.

9.     On or about August 28, 2010, at New Deal, **TERRI REESE** showed a document regarding the recovered firearm to the individual who had signed for the firearm, and explained to that individual that **TERRI REESE** could get herself in trouble for showing him/her this

document, and if ever questioned about it, **TERRI REESE** would deny having discussed the document or having shown the document to the individual.

10.    During November 2010, at New Deal, **RICK REESE** showed an individual known to the grand jury a .50 caliber rifle, and told the individual he/she could take the .50 caliber rifle to the top of a mountain to kill people in Mexico.

11.    On or about November 12, 2010, at New Deal, an individual known to the grand jury told **RYIN REESE** that he/she needed ammunition to take to Mexico. **RYIN REESE** thereafter sold this individual over $1,000.00 worth of ammunition at a discounted price.

12.    On or about November 12, 2010, individuals known to the grand jury concealed in a vehicle the ammunition purchased from New Deal that day, smuggled the ammunition to Mexico, and transferred the ammunition to Mexican Cartel members.

13.    On or about April 20, 2011, at New Deal, **REMINGTON REESE** sold approximately 1,000 rounds of .223 caliber ammunition and approximately 1,000 rounds of 7.62mm ammunition to a confidential informant.

14.    During this April 20, 2011 ammunition purchase, **REMINGTON REESE**, knowing that the ammunition was to be illegally smuggled to Mexico, removed the ammunition from its original packaging and repackaged the ammunition in black canvas bags to conceal the ammunition from law enforcement.

15.    On or about April 20, 2011, at New Deal, **REMINGTON REESE** and a confidential informant discussed the price and availability of folding-stock AK-47 type rifles, and how the people in Mexico desired to make the rifles fully automatic.

16.     On or about May 19, 2011, at New Deal, **RYIN REESE, REMINGTON REESE,** and a confidential informant discussed how the confidential informant was losing the war in Mexico, and needed a bullet-proof vest and a .50 caliber rifle to help fight the war.

17.     On or about May 19, 2011, at New Deal, **RYIN REESE** sold three AR-15 rifles and two AK-47 type rifles to an undercover agent.  During this transaction, **RYIN REESE,** knowing that the firearms were going to be illegally smuggled to Mexico, assisted the undercover agent in falsely representing on the ATF Form 4473 that he/she was the actual purchaser of the firearms.

18.     On or about May 19, 2011, at New Deal, **RYIN REESE** and **REMINGTON REESE** sold approximately 1,000 rounds of 5.56mm ammunition and approximately 1,000 rounds of 7.62mm ammunition to a confidential informant.

19.     During this May 19, 2011 ammunition purchase, **RYIN REESE** and **REMINGTON REESE,** knowing that the ammunition was going to be illegally smuggled to Mexico, removed the ammunition from its original packaging and repackaged the ammunition in black canvas bags to conceal the ammunition from law enforcement.

20.     On or about May 27, 2011, at New Deal, **TERRI REESE** and **RYIN REESE** ordered a .50 caliber rifle for a confidential informant, knowing that this .50 caliber rifle was to be smuggled illegally to Mexico.

21.     On or about May 27, 2011, at New Deal, **RYIN REESE** sold four AK-47 type rifles to an undercover agent.  During this transaction, **RYIN REESE,** knowing that the firearms

were going to be illegally smuggled to Mexico, assisted the undercover agent in falsely

representing on the ATF Form 4473 that he/she was the actual purchaser of the firearms.

22.    On or about June 15, 2011, **RYIN REESE, REMINGTON REESE,** and **TERRI**

**REESE** sold the .50 caliber rifle to an undercover agent.  During this transaction,  **RYIN**

**REESE, REMINGTON REESE,** and **TERRI REESE,** knowing that the .50 caliber rifle was

going to be illegally smuggled to Mexico, assisted the undercover agent in falsely representing on

the ATF Form 4473 that he/she was the actual purchaser of the .50 caliber rifle.

23.    On or about June 15, 2011, at New Deal, **TERRI REESE** and **RYIN REESE**

ordered a second .50 caliber rifle for a confidential informant, knowing that the .50 caliber rifle

would be purchased by a straw purchaser and illegally smuggled to Mexico.

24.     On or around June 15, 2011, at New Deal, **RYIN REESE** sold approximately 400

rounds of .50 caliber ammunition to a confidential informant.  **RYIN REESE,** knowing that the

ammunition was to be illegally smuggled to Mexico, removed the ammunition from its original

packaging and repackaged the ammunition in black canvas bags to conceal the ammunition from

law enforcement.

25.    On or about July 7, 2011, **RYIN REESE** and **TERRI REESE** sold the second .50

caliber rifle previously ordered on June 15, 2011, as well as two AK-47 type rifles to an

undercover agent.  During this transaction,  **RYIN REESE** and **TERRI REESE,** knowing that

these three rifles were to be illegally smuggled to Mexico, assisted the undercover agent in falsely

representing on the ATF Form 4473 that he/she was the actual purchaser of these three rifles.

26.    On or about July 7, 2011, at New Deal, **RYIN REESE** sold approximately 200 rounds of .50 caliber ammunition and approximately 1,260 rounds of 7.62mm ammunition to a confidential informant, knowing that such ammunition was to be illegally smuggled to Mexico.

27.    On or about July 7, 2011, at New Deal, **RYIN REESE**, knowing that the .50 caliber ammunition was going to be illegally smuggled to Mexico, removed the .50 caliber ammunition from its original packaging and repackaged the ammunition in a black canvas bag to conceal the ammunition from law enforcement.

28.    On or about July 7, 2011, at New Deal, **TERRI REESE**, knowing that the 7.62mm ammunition was going to be illegally smuggled to Mexico, removed labels from the box of 7.62mm ammunition so that law enforcement could not trace the ammunition back to New Deal.

29.    On or about July 29, 2011, at New Deal, **TERRI REESE** and **REMINGTON REESE** helped an undercover agent, who they knew was a straw purchaser, select and purchase firearms they knew would be illegally smuggled to Mexico.

30.    On or about July 29, 2011, at New Deal, **RICK REESE** and a confidential informant discussed the confidential informant purchasing in separate lots approximately $24,000.00 worth of firearms and ammunition to be illegally smuggled to Mexico. **RICK REESE** agreed that structuring the purchases was a good plan.

31.    On or about July 29, 2011, at New Deal, **RICK REESE** sold one AK-47 type pistol and two 9mm handguns to an undercover agent. During the course of this transaction, **RICK REESE**, knowing that these three firearms were to be illegally smuggled to Mexico,

assisted the undercover agent in falsely representing on the ATF Form 4473 that he/she was the actual purchaser of these three firearms.

    32.    On or about July 29, 2011, at New Deal, **RICK REESE** sold approximately 1,000 rounds of 7.62mm ammunition and approximately 500 rounds of 9mm ammunition to a confidential informant, knowing that the ammunition was to be illegally smuggled to Mexico.

    33.    On or about July 29, 2011, at New Deal, **RICK REESE**, knowing that the ammunition was going to be illegally smuggled to Mexico, removed labels from the box of ammunition so that law enforcement could not trace the ammunition back to New Deal.

In violation of 18 U.S.C. § 371.

Counts 2 - 10
(False Statements in Connection With the Acquisition of Firearms)

On or about the dates listed below, in Luna County, in the District of New Mexico, each Defendant, as set forth below, did knowingly make a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of New Deal, a Federally Licensed Firearms Dealer licensed under the provisions of Chapter 44 of Title 18, United States Code, in that each Defendant listed below executed an ATF Form 4473, Firearms Transaction Record, stating that the named purchaser was the actual purchaser of the firearm(s) listed, when in fact the Defendant knew the named purchaser was purchasing the firearm(s) on behalf of another.

In violation of 18 U.S.C. § 924(a)(1)(A) and 18 U.S.C. § 2.

| COUNT | DATE | DEFENDANT |
|-------|------|-----------|
| 2 | July 8, 2010 | **RYIN REESE** |
| 3 | August 21, 2010 | **RYIN REESE** |
| 4 | August 25, 2010 | **RYIN REESE** |
| 5 | May 19, 2011 | **RYIN REESE** |
| 6 | May 27, 2011 | **RYIN REESE** |
| 7 | June 15, 2011 | **RYIN REESE** |
| 8 | July 7, 2011 | **RYIN REESE** |
| 9 | July 29, 2011 | **RICK REESE** |
| 10 | July 29, 2011 | **TERRI REESE** |

<u>Counts 11-28</u>
(Smuggling Goods from the United States)

On or about the dates listed below, in Luna County, in the District of New Mexico, each

Defendant, as set forth below, fraudulently and knowingly exported and attempted to export and

send from the United States the merchandise, articles, and objects set forth below, and received,

concealed, bought, sold, and facilitated the transportation, concealment, and sale of the

merchandise, articles, and objects set forth below, prior to exportation, knowing the same to be

intended for exportation from the United States contrary to any law or regulation of the United

States.

All in violation of 18 U.S.C. § 554 and 18 U.S.C. § 2.

| COUNT | DATE | DEFENDANT | MERCHANDISE, ARTICLES, AND OBJECTS |
|-------|------|-----------|-------------------------------------|
| 11 | July 8, 2010 | **RYIN REESE** | Ten AK-47 type rifles. |
| 12 | August 21, 2010 | **RYIN REESE** | One AK-47 type rifle. |

| COUNT | DATE | DEFENDANT | MERCHANDISE, ARTICLES, AND OBJECTS |
|---|---|---|---|
| 13 | August 21, 2010 | **REMINGTON REESE** | One AK-47 type rifle. |
| 14 | August 25, 2010 | **RYIN REESE** | Seven AK-47 type rifles. |
| 15 | November 12, 2010 | **RYIN REESE** | Approximately $1,236.72 of assorted ammunition. |
| 16 | April 20, 2011 | **REMINGTON REESE** | Approximately 1,000 rounds of .223 caliber ammunition, and approximately 1,000 rounds of 7.62mm ammunition. |
| 17 | May 19, 2011 | **RYIN REESE** | Three AR-15 rifles, two AK-47 type rifles, approximately 1,000 rounds of 5.56mm ammunition, and approximately 1,000 rounds of 7.62mm ammunition. |
| 18 | May 19, 2011 | **REMINGTON REESE** | Three AR-15 rifles, two AK-47 type rifles, approximately 1,000 rounds of 5.56mm ammunition, and approximately 1,000 rounds of 7.62mm ammunition. |
| 19 | May 27, 2011 | **RYIN REESE** | Four AK-47 type rifles. |
| 20 | June 15, 2011 | **RYIN REESE** | One .50 caliber rifle, and approximately 400 rounds of .50 caliber ammunition. |
| 21 | June 15, 2011 | **REMINGTON REESE** | One .50 caliber rifle, and approximately 400 rounds of .50 caliber ammunition. |
| 22 | June 15, 2011 | **TERRI REESE** | One .50 caliber rifle, and approximately 400 rounds of .50 caliber ammunition. |
| 23 | July 7, 2011 | **RYIN REESE** | One .50 caliber rifle, two AK-47 type rifles, approximately 200 rounds of .50 caliber ammunition, and approximately 1,260 rounds of 7.62mm ammunition. |

| COUNT | DATE | DEFENDANT | MERCHANDISE, ARTICLES, AND OBJECTS |
|---|---|---|---|
| 24 | July 7, 2011 | **TERRI REESE** | One .50 caliber rifle, two AK-47 type rifles, approximately 200 rounds of .50 caliber ammunition, and approximately 1,260 rounds of 7.62mm ammunition. |
| 25 | July 7, 2011 | **REMINGTON REESE** | One .50 caliber rifle, two AK-47 type rifles, approximately 200 rounds of .50 caliber ammunition, and approximately 1,260 rounds of 7.62mm ammunition. |
| 26 | July 29, 2011 | **RICK REESE** | One AK-47 type pistol, two 9mm handguns, approximately 500 rounds of 9mm ammunition, and approximately 1,000 rounds of 7.62mm ammunition. |
| 27 | July 29, 2011 | **TERRI REESE** | One AK-47 type pistol, two 9mm handguns, approximately 500 rounds of 9mm ammunition, and approximately 1,000 rounds of 7.62mm ammunition. |
| 28 | July 29, 2011 | **REMINGTON REESE** | One AK-47 type pistol, two 9mm handguns, approximately 500 rounds of 9mm ammunition, and approximately 1,000 rounds of 7.62mm ammunition. |

<u>Count 29</u>
(Money Laundering Conspiracy)

Beginning in or about April of 2010, and continuing to on or about November 12, 2010, in

Luna County, in the District of New Mexico and elsewhere, Defendants **RICK REESE, TERRI**

**REESE, RYIN REESE,** and **REMINGTON REESE,** did knowingly combine, conspire, and

agree with each other and with other persons known and unknown to the Grand Jury to commit

offenses against the United States in violation of Title 18, United States Code, Section 1956(a)(1),

to wit: with the intent to promote the carrying on of specified unlawful activity, did conduct and

attempt to conduct a financial transaction affecting interstate and foreign commerce, which

involved the proceeds of specified unlawful activities, that is: proceeds from the sales of firearms

and ammunition illegally exported from the United States into the Republic of Mexico in

violation of Title 18 U.S.C. Section 554 and proceeds from the importation of a controlled

substance into the United States in violation of Title 21 U.S.C. Section 952 and 960, and while

conducting and attempting to conduct such financial transaction, knew that the property involved

in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of 18 U.S.C. § 1956(h).

### Count 30
(Money Laundering Conspiracy)

Beginning on or about April 20, 2011, and continuing to on or about July 29, 2011, in

Luna County, in the District of New Mexico and elsewhere, Defendants **RICK REESE, TERRI**

**REESE, RYIN REESE,** and **REMINGTON REESE,** did knowingly combine, conspire, and

agree with each other and with other persons known and unknown to the Grand Jury to commit

offenses against the United States in violation of Title 18, United States Code, Section

1956(a)(3)(A), to wit: with the intent to promote the carrying on of specified unlawful activity,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and

foreign commerce involving property represented by a person known to the Grand Jury at the

direction of a Federal official, to be proceeds of specified unlawful activities, that is, proceeds

from the sales of firearms and ammunition illegally exported from the United States into the

Republic of Mexico in violation of Title 18 U.S.C. Section 554 and proceeds from the importation

of a controlled substance into the United States in violation of Title 21 U.S.C. Sections 952 and

960.

In violation of 18 U.S.C. § 1956(h).

## Forfeiture Allegations

A.    Forfeiture of Property Involved in Counts 1-10 (18 U.S.C. §§ 371, 924(a)(1)(A))

1.    The allegations contained in Counts 1-10 of this Indictment are hereby realleged

and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United

States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of the offense(s) in violation of Title 18, United States Code,

Sections 371 and 924(a)(1)(A), set forth in Counts 1-10 of this Indictment, the Defendants

**RICK REESE**
**TERRI REESE**
**RYIN REESE, and**
**REMINGTON REESE**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and

Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the

commission of the offenses of conspiring to and making false statements in connection with the

acquisition of firearms, contrary to Title 18, United States Code, Sections 371 and 924(a)(1)(A).

If any of the property described above, as a result of any act or omission of the

defendant[s]:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

     All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

     B.     <u>Forfeiture of Firearms and Ammunition Involved in or Intended to be Used in Counts 1, 11-28 (18 U.S.C. §§ 371, 554)</u>

     1.     The allegations contained in Counts 1, 11-28 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

     2.     Upon conviction of the offense(s) in violation of Title 18, United States Code, Sections 371 and 554, set forth in Counts 1, 11-28 of this Indictment, the Defendants

**RICK REESE**
**TERRI REESE**
**RYIN REESE**, and
**REMINGTON REESE**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in and intended to be used in the commission of the offenses, Title 18, United States Code, Section 554, an offense which may be prosecuted in a court in the United States which involves the exportation of firearms or ammunition. Such firearms and ammunition shall include, but are not limited to, all firearms and ammunition in the inventory of the Federal Firearms Licensee Old Ironsides, LLC, owned by defendant **RICK REESE** and doing business as New Deal Shooting Sports.

If any of the property described above, as a result of any act or omission of the

defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without
          difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

    All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

    C.    Forfeiture of the Proceeds of Counts 1, 11-28 (18 U.S.C. §§ 371, 554)

    1.    The allegations contained in Counts 1, 11-28 of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18,

United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

    2.    Upon conviction of the offense(s) in violation of Title 18, United States Code,

Sections 371 and 554, set forth in Counts 1, 11-28 of this Indictment, the Defendants

**RICK REESE**
**TERRI REESE**
**RYIN REESE, and**
**REMINGTON REESE**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C)

and Title 28, United States Code, Section 2461(c), any property, real or personal, which

constitutes and is derived from proceeds traceable to a violation of Title 18, United States Code,

Sections 371 and 554, including, but not limited to, a money judgment in the minimum amount of $36,000.00.

If any of the property described above, as a result of any act or omission of the defendant[s]:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

D.   <u>Forfeiture of the Proceeds of and Property Facilitating Counts 1, 11-28 (18 U.S.C. §§ 371, 554)</u>

1.   The allegations contained in Counts 1, 11-28 of this Indictment are here by realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 19, United States Code, Section 1595a(d) and Title 28, United States Code, Section 2461(c).

2.   Upon conviction of the offense(s) in violation of Title 18, United States Code, Sections 371 and 554, set forth in Counts 1, 11-28 of this Indictment, the Defendants

**RICK REESE**
**TERRI REESE**
**RYIN REESE, and**
**REMINGTON REESE**

shall forfeit to the United States pursuant to Title 19, United States Code, Section 1595a(d) and

Title 28, United States Code, Section 2461(c) the following property: (a) the proceeds and value

of any and all merchandise exported and sent from the United States, and attempted to be

exported or sent from the United States, contrary to law; and (b) any and all property used to

facilitate the exporting and sending of such merchandise, the attempted exporting and sending of

such merchandise and the purchase, transportation, concealment, and sale of such merchandise

prior to exportation.  Such property includes, but is not limited to: (1) the real property located at

6600 Ventura Road SE, Deming, New Mexico, owned by **RICK REESE**; (2) the assets of New

Deal Shooting Sports located at 6600 Ventura Road SE, Deming, New Mexico; and (3) all

licenses, including the business license, held by New Deal Shooting Sports that permit it to do

business as a firearms dealer.

       If any of the property described above, as a result of any act or omission of the

defendant[s]:

            a.     cannot be located upon the exercise of due diligence;

            b.     has been transferred or sold to, or deposited with, a third party;

            c.     has been placed beyond the jurisdiction of the court;

            d.     has been substantially diminished in value; or

            e.     has been commingled with other property which cannot be divided without

                  difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

All pursuant to 19 U.S.C. § 1595a(d) and 28 U.S.C. § 2461(c).

E.  Forfeiture of Property Involved in Counts 29 and 30 (18 U.S.C. § 1956(h))

1.  The allegations contained in Counts 29 and 30 of this Indictment are here by

realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18,

United States Code, Section 982 and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the offense in violation of Title 18, United States Code,

Sections 1956(h), set forth in Count 29 of this Indictment, the Defendants

**RICK REESE**

**TERRI REESE**

**RYIN REESE**, and

**REMINGTON REESE**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1) any

and all property, real or personal, involved in such offense, and any property traceable to such

property, including but not limited to: (1) a money judgment in the minimum amount of

$36,000.00; and (2) the assets of New Deal Shooting Sports located at 6600 Ventura Road SE,

Deming, New Mexico.

If any of the property described above, as a result of any act or omission of the

defendant[s]:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

     All pursuant to 18 U.S.C. §§ 982(a)(1) and 982(b)(1).

                    A TRUE BILL:


                    /s/

                    FOREPERSON OF THE GRAND JURY


KENNETH J. GONZALES
United States Attorney



_____
Assistant United States Attorney
*RC*  8/23/11 (1:49pm)