## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                  **CR 11-2294 RB**

**RICK REESE,**
**TERRI REESE,**
**RYIN REESE, and**
**REMINGTON REESE,**

       **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on the United States' Motion for a Supplemental Rule 44 Hearing, (Doc. 87), filed on December 30, 2011. Each Defendant filed a separate response, (Docs. 88, 89, 90, and 91); and the United States filed its reply on January 20, 2012, (Doc. 94). Having considered the submissions of counsel, the record, and relevant law, the Court denies this motion.

The United States moves for a supplemental Rule 44 hearing to address perceived conflicts "arising from . . . (1) Attorney Bregman's (and possibly Attorney Bowles') attorney-client relationships and communications with Terri, Ryin, and Remington Reese, and (2) third party-payor issues surrounding Ryin and Remington Reese's representation (and possibly Rick and Terri Reese's representation)." (Doc. 87). The relevant background information is set forth in this Court's previous Memorandum Opinion and Order, (Doc. 77), and will not be repeated at length here. Therein, the Court prohibited the law firm of Bregman & Loman, P.C., currently counsel of record for Defendant Rick Reese, from substituting as counsel for the other three Defendants. Consistent with this ruling, independent, retained attorneys have entered appearances for Defendants

Remington Reese and Terri Reese, substituting for the attorneys previously appointed by the Court under the Criminal Justice Act.  At this time, Bernadette Sedillo represents Remington Reese, and Brad Hall represents Terri Reese.  Jason Bowles' Motion for Substitution of Counsel and Entry of Appearance for Ryin Reese is pending, but it will be granted by separate order contemporaneously with this Memorandum Opinion and Order.  Each attorney maintains his or her own practice; none are associated with each other, or with Bregman & Loman, P.C.

The United States' motion is predicated on Fed. R. Crim. P. 44(c), which provides that, where two defendants are jointly represented, "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation."  Fed. R. Crim. P. 44(c)(2).  Under Rule 44(c), joint representation occurs when "two or more defendants have been charged jointly under Rule 8(b) . . . and . . . the defendants are represented by . . . counsel who are associated in law practice."  Fed. R. Crim. P. 44(c)(1).  By its terms, Rule 44(c) applies only if the court finds an association between the attorneys.  Consistent with my previous ruling, each Defendant is now represented by separate independent counsel.  Nonetheless, the United States asserts that Attorney Bowles and Attorney Bregman are associated practitioners.  However, Attorney Bowles and Attorney Bregman have stated that they maintain separate law firms.  (Docs. 88 and 89).  The Court accepts the statements of counsel that they are not associated practitioners.  *See Cuyler v. Sullivan*, 446 U.S. 335, 347 (1980) (stating that "trial courts necessarily rely in large measure upon the good faith and good judgment of defense counsel").  In that each Defendant is represented by an independent attorney, Rule 44(c) is inapplicable and the United States' request for a supplemental Rule 44(c) hearing is denied.

The United States persists in its efforts to disqualify Attorney Bregman, postulating that "it

2

is clear that Attorney Bregman previously represented and established an attorney-client relationship with all four Defendants, *albeit* for a short period of time with Terri, Ryin, and Remington Reese." (Doc. 87 at 9).  The United States bases this assumption on the following four factors:  (1) each Defendant signed a retainer agreement with Bregman & Loman, P.C.; (2) on October 13, 2011, the United States received a draft Motion for Substitution of Counsel from Attorney Loman indicating that all four Defendants had privately retained the law firm of Bregman & Loman (as well as Bowles & Crow as co-counsel); (3) on October 26, 2011, Attorney Bregman gave an interview with a media outlet about this case portraying himself as representing all four Defendants; and, (4) on November 2, 2011, Attorney Bregman advocated to the Court on behalf of at least Rick, Ryin, and Remington Reese concerning their jail conditions and needs.  (*Id*.)  The United States also suggests that Attorney Bowles may labor under a conflict of interest as the draft Motion for Substitution of Counsel listed Bowles & Crow as co-counsel.  (*Id*.)  None of these factors, individually or in combination, establish that an attorney-client relationship was formed between Attorney Bregman and Terri, Ryin, or Remington Reese under applicable standards.  As the record now stands, there is no basis to disqualify Attorney Bregman or his firm from representing Rick Reese.

In determining whether to disqualify an attorney based on a conflict of interest, federal district courts in the Tenth Circuit look to two sources of law.  *United States v. Stiger*, 413 F.3d 1185, 1195 (10th Cir. 2005).  "First, attorneys are bound by the local rules of the court in which they appear. . . .  Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *Id.* (citing *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994)).

The District Court of New Mexico has adopted the New Mexico Rules of Professional Conduct.  D.N.M.LR-Cr. 57.2.  New Mexico Rule of Professional Conduct 16-118 provides:

A. Definition of "Prospective Client". A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

B. Confidential Information. Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 16-109 of the Rules of Professional Conduct would permit with respect to information of a former client.

C. Certain Representations Prohibited. A lawyer subject to Paragraph B of this rule shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in Paragraph D of this rule. If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in Paragraph D.

D. When Representation is Permitted. When the lawyer has received disqualifying information as defined in Paragraph C, representation is permissible if:

(1) both the affected client and the prospective client have given informed consent, confirmed in writing, or:

(2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

(a) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(b) written notice is promptly given to the prospective client.

N.M. Rules Ann. 16-118.

The Tenth Circuit has stated that: "The threshold question for the court [in considering whether there is an impermissible conflict] is whether there was an attorney-client relationship that would subject a lawyer to the ethical obligation of preserving confidential communications." *Cole*,

43 F.3d at 1384 (citations omitted).  "For there to have been an attorney-client relationship, the parties need not have executed a formal contract." *Id.* "Nor is the existence of a relationship dependent upon the payment of fees." *Id.* "However, a party must show that (1) it submitted confidential information to a lawyer and (2) it did so with the reasonable belief that the lawyer was acting as the party's attorney." *Cole*, 43 F.3d at 1384.

Application of New Mexico Rule of Professional Conduct 16-118 and the federal standard leads to the conclusion that Attorney Bowles has no conflict of interest.  Attorney Bowles has informed the Court that he has never spoken to Rick Reese, Remington Reese, or Terri Reese, with the exception of shaking Rick Reese's hand in the courtroom and exchanging pleasantries and possibly shaking Remington Reese's hand in the courtroom during the hearing of November 2, 2011.  (Doc. 88).  Attorney Bowles had stated that he and Attorney Bregman have not communicated any confidential information with each other regarding the facts of this case, they maintain separate law firms, and they have had very limited conversations to date about this case. (Doc. 88).  The Court accepts Attorney Bowles's statements and finds that Attorney Bowles has not formed attorney-client relationships with Defendants Rick Reese, Remington Reese, or Terri Reese.

Based on the existing record, the result is equally clear as to Attorney Bregman, who has repeatedly stated that he did not discuss the facts of the case in detail with the Defendants when he met with them to discuss the possibility of joint representation.  The Court accepts Attorney Bregman's statements that he received no information that would disqualify him under New Mexico Rule of Professional Conduct 16-118. *See Cuyler*, 446 U.S. at 347.  In that there is no evidence that Defendants Ryin Reese, Remington Reese, or Terri Reese ever communicated any confidential information to Attorney Bregman, there is no evidence that an attorney-client relationship was formed between Defendants Ryin Reese, Remington Reese, or Terri Reese and Attorney Bregman

and/or the law firm of Bregman & Loman, P.C.  The evidence of record indicates that Defendants Ryin Reese, Remington Reese, and Terri Reese were prospective clients of Bregman & Loman within the meaning of New Mexico Rule of Professional Conduct 16-118(A).

Nonetheless, in order to fully develop the record and ensure compliance with New Mexico Rule of Professional Conduct 16-118, the Court directs Defendants Ryin Reese, Remington Reese, and Terri Reese to confer with counsel and file sealed, *ex parte* affidavits describing any information discussed with Attorney Bregman.  After reviewing the sealed, ex parte affidavits, the Court will determine whether Attorney Bregman received information from Ryin Reese, Remington Reese, or Terri Reese that could be significantly harmful to each of them, and, if so, whether any additional inquiries or measures will be necessary.

The United States seeks to discover the source of Defendants' attorney fees.  Rule 44(c) does not mention attorney's fees, *see* Fed. R. Crim. P. 44(c), and the United States cites no authority for the notion that Rule 44(c), or any other procedural rule, provides a vehicle to hold a hearing on the source of defendants' attorney fees.  The United States justifies its request by pointing out that Ryin Reese (age 24 years) and Remington Reese (age 19 years) were found to be indigent at the outset of this case.  The United States surmises that payment of legal fees by a third party or parties poses a potential or actual conflict of interest by causing "the attorney to be unwilling to seek the benefits of cooperation or a favorable plea for the defendant if it would hurt or run counter to the interests of the third party payor." (Doc. 87 at 19).  In response, Defendants state that their attorney fees have not been paid by any criminal organization and point out that it is very common for family and friends to pay for legal fees.  (Docs. 88, 89, 90, and 91).

The mere fact that a third party pays a defendant's legal fees is legally insufficient to support a finding of an actual conflict. *Cabello v. United States*, 188 F.3d 871, 876 (7th Cir. 1999).  An

actual conflict of interest arises only if the third party's participation forces the defendant's counsel "to make choices advancing other interests to the detriment of his client. Without a showing of inconsistent interests, any alleged conflict remains hypothetical . . . ." *See United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998). In *Wood v. Georgia*, 450 U.S. 261, 268-69 (1981), the Supreme Court explained the risks of permitting the leader of a criminal enterprise to pay for legal representation for lower-level co-conspirators: "One risk is that the lawyer will prevent his [or her] client from obtaining leniency by preventing the client from offering testimony against the [leader] or from taking other actions contrary to the [leader's] interest." *Id.* at 269.

The factual basis cited by the United States is insufficient to an inference of the existence of a conflicting interest. In that there is no evidence that a leader of a criminal enterprise, or any other person with a conflicting interest, has paid the legal fees, any alleged conflict remains hypothetical. For this reason, the United States' request is denied.

**THEREFORE,**

**IT IS ORDERED** that the United States' Motion for a Supplemental Rule 44 Hearing, (Doc. 87), filed on December 30, 2011, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Ryin Reese, Remington Reese, and Terri Reese shall file sealed, *ex parte* affidavits, describing any information discussed with Attorney Bregman, by February 10, 2012.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**