IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                     CR 11-2294 RB

RICK REESE, TERRI REESE,
RYIN REESE, and REMINGTON REESE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' Motion to Reconsider the Court's January 26, 2012 Memorandum Opinion and Order, (Doc. 116). Having considered the issues raised therein on two previous occasions, the Court finds no responses are necessary.

This is the United States' third attempt to disqualify Attorney Sam Bregman and his law firm, Bregman & Loman, P.C.. The background information and legal analysis are set forth in this Court's previous rulings, (Docs. 77 & 98), and will not be repeated here. The United States argues that the retainer agreements signed by Defendants Terri, Ryin, and Remington Reese created attorney-client relationships that disqualify Attorney Bregman and his law firm from representing Rick Reese in this matter.

"The threshold question for the court [in considering whether there is an impermissible conflict] is whether there was an attorney-client relationship that would subject a lawyer to the ethical obligation of preserving confidential communications." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1384 (10th Cir. 1994). According to the United States, the Court was wrong to rely on *Cole* because there was no written retainer agreement therein. (Doc. 116 at 5). While the facts in *Cole* are distinguishable from our facts here, the Court was not wrong to rely on *Cole*.

The plaintiff in *Cole* was a middle school principal whose employment was terminated. *Cole*, 43 F.3d at 1377. When Ms. Cole sued the school district for wrongful termination, she moved to disqualify the school district's law firm because she had consulted with attorneys from the law firm during the course of her former employment regarding the dismissal of several district employees, and, thereby established an attorney-client relationship with the law firm. *Cole*, 43 F.3d at 1382-83. The Tenth Circuit discussed the controlling law and applicable legal principles in detail and determined that Ms. Cole was not a former client of the law firm. *Cole*, 43 F.3d at 1383-86. While the facts of *Cole* are distinct from the facts of this case, the legal principles discussed therein are persuasive authority for this Court to follow.

Significantly, *Cole* teaches that the existence of a written retainer agreement is not dispositive of the existence of an attorney-client relationship. Indeed, *Cole* states "[f]or there to have been an attorney-client relationship, the parties need not have executed a formal contract." *Cole*, 43 F.3d at 1384. Rather, in order to establish an attorney-client relationship, *Cole* explains that "a party must show that (1) it submitted confidential information to a lawyer and (2) it did so with the reasonable belief that the lawyer was acting as the party's attorney." *Cole*, 43 F.3d at 1384. *Cole* stands for the proposition that the existence of a written retainer agreement is not a sine qua non requirement, but that the submission of confidential information is.

Attorney Bregman has repeatedly stated that he did not discuss the facts of the case in detail with the Defendants when he met with them to discuss the possibility of joint representation. While the Court accepted Attorney Bregman's statements, in order to fully develop the record, the Court directed Terri, Ryin, and Remington Reese to file sealed, *ex parte* affidavits, describing any information discussed with Attorney Bregman. The affidavits

establish that these Defendants discussed no confidential information with Attorney Bregman during their brief meetings.

Counsel for the government, in a classic example of the elevation of form over substance, fixates on the written retainer agreements and ignores the fact that no confidential information was submitted to Mr. Bregman from Terri, Ryin, and Remington Reese.  As the written retainer agreements are some evidence of attorney-client relationships, this may have been a reasonable tactic for the prosecution to pursue in its first or second attempt to disqualify Mr. Bregman. However, the joint representation of all four Defendants by Mr. Bregman was promptly challenged, and the Court prohibited Mr. Bregman from substituting as counsel for Terri, Ryin, and Remington Reese.  Subsequently, the Court required these Defendants to file sealed *ex parte* affidavits describing any information discussed with Attorney Bregman.  The affidavits confirm that no confidential information was discussed.  In other words, the attorney-client relationships contemplated by the retainer agreements never came to fruition.  The prosecutor is well aware of this history, yet he pushes the prosecutorial envelope in his latest motion.  Nonetheless, the Court will endeavor to allay the prosecutor's concerns that the Court "incorrectly applied a standard" and was "wrong" and acted "in error".  (Doc. 116 at 1, 5, and 6).

Assuming for the sake of argument that the retainer agreements created attorney-client relationships between Attorney Bregman and Terri, Ryin, and Remington Reese, such relationships were terminated when this Court prohibited Attorney Bregman and his law firm from substituting as counsel for Terri, Ryin, and Remington Reese.  (Doc. 77).  Under New Mexico Rule of Professional Conduct 16-109(A), a lawyer who has formerly represented a client in a matter may thereafter represent another person in the same matter in which that person's

interests are materially adverse to the interests of the former client if the former client gives informed consent, confirmed in writing. N.M. Rules Ann. 16-109(A). In an abundance of caution, and to complete the record, the Court will require Terri, Ryin, and Remington Reese to consult with their current attorneys and determine whether to give informed consent, confirmed in writing, to the representation of Rick Reese in this matter by Attorney Bregman and Bregman & Loman, P.C. In the event Terri, Ryin, and Remington Reese consent to such representation, the writings and the retainer agreements between Bregman & Loman, P.C., and Terri, Ryin, and Remington Reese shall be filed *ex parte* and under seal.

**THEREFORE,**

**IT IS ORDERED** that, in the event Terri, Ryin, and Remington Reese give informed consent to the representation of Rick Reese by Attorney Sam Bregman and Bregman & Loman, P.C., the writings evincing such consent and the retainer agreements between Bregman & Loman, P.C., and Terri, Ryin, and Remington Reese shall be filed *ex parte* and under seal, by March 16, 2012.

**IT IS FURTHER ORDERED** that, if Terri, Ryin, and Remington Reese file the above-referenced documents by March 16, 2012, the United States' Motion to Reconsider the Court's January 26, 2012 Memorandum Opinion and Order, (Doc. 116), filed on February 20, 2012, will be, and is, **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**