IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                               **No. CR 11-2294 RB**

**RICK REESE,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Rick Reese's Motion for Temporary Release, (Doc. 122), filed on February 29, 2012. Having considered the submissions of counsel, the record, and relevant law, the Court denies this motion.

**I.      Introduction**

Rick Reese is charged with conspiracy, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and money laundering conspiracy. (Doc. 2). After a detention hearing, United States Magistrate Judge Gregory B. Wormuth found that Rick Reese is a flight risk and a danger to the community and ordered him detained pending trial. (Docs. 32 & 47). Rick Reese sought this Court's review of the order of detention on September 14, 2011. (Doc. 45). After considering the briefs and holding a hearing, this Court denied the appeal and determined that Rick Reese is a danger to the community and a flight risk. (Doc. 60). Rick Reese filed a motion to amend the pretrial detention order, which this Court construed as a motion for reconsideration. (Doc. 95). The Court denied the motion for reconsideration. (Doc. 110).

Rick Reese now moves for temporary release pursuant to 18 U.S.C. § 3142(i). He observes that this case has been declared complex and the United States has produced over 7,600 pages of documents and photographs and several hours of video and audio recordings. Rick Reese contends that there is "no practical, efficient or comfortable way for Mr. Reese's attorneys to review such a large volume of materials with their staff of investigators, paralegals and Mr. Reese" inside the detention center. (Doc. 122). He also states that the meeting rooms at the detention center are monitored by video and are not conducive to trial preparation sessions. (*Id.*) He opines that "[i]t would be much more efficient and effective for Mr. Reese's counsel to set up a conference room at a hotel or office in Las Cruces and have Mr. Reese temporarily released for the purpose of preparing his defense." (Doc. 122). Rick Reese requests that he be released into the custody of his attorney one day every three weeks from 8:00 a.m. to 5:00 p.m. (*Id.*)

## II.     Discussion

After a defendant has been detained, a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant has the burden of showing that temporary release is necessary for preparation of the defense under Section 3142(I). *United States v. Dupree*, ____ F. Supp. 2d ____, 2011 WL 5325561, *3 (E. D. N.Y. Nov. 3, 2011) (citations omitted). The standard imposed by the statute is one of necessity, not convenience. *United States v. Bolze*, 2010 WL 199978 *2 (E.D. Tenn. Jan. 13, 2010). It bears underscoring that "the Court must only ensure that Defendant is able to adequately prepare for trial" and the defendant's "comfort while preparing for trial is not the Court's concern." *United States v. Petters*, 2009 WL 205188 at *3 (D. Minn. Jan. 28, 2009). Rick Reese admits that he and his

counsel have access to meeting rooms inside the detention center. Notably, he contends neither that his access to his attorney has been restricted nor that he is unable to adequately prepare for trial. Rather, he wishes to meet with his attorney and staff in a more comfortable and convenient setting. As noted above, the law does not mandate that a criminal defendant be permitted to prepare for trial in style, only that he is able to adequately prepare his defense. Simply put, Rick Reese has not shown that temporary release is necessary for the preparation of his defense.

Additionally, the Court is concerned that Rick Reese presents a flight risk and a danger to the community. In January 2012 statements attributed to Rick Reese sought to know the identity of the judicial officer who signed the search warrants and the names of grand jurors. (Doc. 140-1). He is alleged to have called the United States Magistrate Judge a "puppet," stated he "did not have much use" for this Court, characterized the legal system as a "charade," and opined "there is no justice." (*Id.*) He believes that the government was responsible for the deaths at Waco and Ruby Ridge, and Randy Weaver "is quite a guy." (*Id.*) These comments certainly add to the Court's concern that Rick Reese presents a continuing danger to the community. They reveal a disdain for the court system which could well translate into a willingness to disregard court orders and flee. While he no longer has access to the cache of firearms seized by the government, Rick Reese likely has contacts who would gladly provide him with weapons. Despite the best intentions of defense counsel, temporary release would allow Rick Reese the opportunity to flee and present a danger to the community. These considerations, in addition to the lack of necessity, militate against temporary release.

**THEREFORE,**

**IT IS ORDERED** that Defendant Rick Reese's Motion for Temporary Release, (Doc. 122), filed on February 29, 2012, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Rick Reese shall remain in the custody of the United States Marshal pending trial or further order of the Court.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**