IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                                                         No. CR 11-2294 RB

**RICK REESE, RYIN REESE, TERRI REESE,**
**and REMINGTON REESE,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Ryin Reese's Joint Motion for Hearing to Determine the Admissibility of Alleged Co-Conspirator Statements, (Doc. 174). All Defendants have joined in this Motion. Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court grants this Motion.

**I.  Background**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged by Indictment with conspiracy, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and money laundering conspiracy. (Doc. 2). The Indictment describes independent evidence of a conspiracy and the Government intends to offer out-of-court statements by Defendants recorded during undercover operations.

**II.  Discussion**

Federal Rule of Evidence 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. *Id*. "Before admitting evidence under this rule, [t]he court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Owens*,

70 F.3d 1118, 1123 (10th Cir. 1995) (quotations omitted). The government must prove the existence of a conspiracy by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987). When determining whether the government has met its burden, the court may consider any non-privileged evidence, including both the challenged co-conspirator statements and any hearsay evidence, regardless of its admissibility at trial. *See Owens*, 70 F.3d at 1124.

In reaching its determination, the Court may utilize either of two procedures. *Owens*, 70 F.3d at 1123. The first alternative is to hold a pretrial evidentiary hearing, pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (a "*James* hearing"), to determine whether the predicate conspiracy existed. *Owens*, 70 F.3d at 1123. The second alternative is to provisionally admit the evidence, with the caveat that the government must prove the existence of the predicate conspiracy through trial testimony or other evidence. *Id.* The Tenth Circuit strongly prefers that the district court hold a *James* hearing. *Id.* At a *James* hearing, the government may meet its burden through a summary witness. *See id.*

In this case, the United States suggests that the Court may glean the factual prerequisites by rooting through the record and asks the Court to exercise its discretion to determine whether a *James* hearing is necessary. (Doc. 205). The Court has determined that the United States should marshal its evidence and that a *James* hearing will be held at the pretrial motions hearing of June 13, 2012.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Joint Motion for Hearing to Determine the Admissibility of Alleged Co-Conspirator Statements, (Doc. 174), is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**