IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                   **No. CR 11-2294 RB**

**RICK REESE, TERRI REESE,**
**RYIN REESE, and REMINGTON REESE,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Terri Reese's First Motion for Discovery: Disclosure of Informant(s) and Related Information, (Doc. 179), and Defendant Terri Reese's Second Motion for Discovery: Various Categories of Information, (Doc. 180). Defendants Rick Reese, Remington Reese, and Ryin Reese have joined in these Motions. Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court grants in part and denies in part these Motions, as discussed herein.

**I.**    **Background**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged by Indictment with conspiracy, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and money laundering conspiracy. (Doc. 2). At trial, the United States intends to introduce recordings of undercover operations involving confidential informants. Defendants request leave to interview or depose the informants and for production of a wide range of information on these individuals. Additionally, Defendants complain of technical problems with video and audio recordings and document CDs, as well as errors in transcripts of the recordings, produced by the United States. Defendants also seek production of cell

phones that were seized, keys to the New Deal property, information about inter-agency sharing of forfeiture proceeds, pre-search video of Defendants' properties, and information concerning unrelated federal firearm licensees and government sting operations.

**II.     Standards**

The following is a brief review of the broad standards governing criminal discovery. The Supreme Court has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Simply put, *Brady* requires "the prosecution to disclose all evidence that favors the defendant and is material either to guilt or to punishment." *United States v. Ford*, 550 F.3d 975, 981 (10th Cir. 2008). To establish a *Brady* violation the "defendant must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material." *Id.* For the evidence to be material, there must be a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Smith v. Cain*, ____ U.S. ___, 132 S. Ct. 627, 630, 181 L. Ed. 2d 571 (2012).

The government has a duty to volunteer exculpatory evidence, even when the defense does not request it. *See Kyles v. Whitley*, 514 U.S. 419, 433 (1995). Indeed, a prosecutor has a "duty to *learn* of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *United States v. Combs*, 267 F.3d 1167, 1174-75 (10th Cir. 2001) (quoting *Kyles*, 514 U.S. at 437-38) (emphasis in original). Nonetheless, *Brady* does not "grant criminal defendants the right to embark on a broad or blind fishing expedition among documents possessed by the Government." *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quotation omitted). It bears underscoring that a prosecutor does not have a duty to obtain

evidence from third parties, *Combs*, 267 F.3d at 1173, and the prosecution need not divulge every piece of evidence that could possibly benefit the defendant. *See Smith v. Sec'y N.M. Dep't of Corr.*, 50 F.3d 801, 823 (10th Cir. 1995).

Impeachment evidence falls under *Brady* when the reliability of a government witness may be determinative of a defendant's guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154 (1972). In this regard, the prosecution must disclose "evidence affecting credibility" of government witnesses. *Id.*

The Jencks Act requires the government to disclose to criminal defendants any statement made by a government witness that is "in the possession of the United States" once that witness has testified. 18 U.S.C. § 3500(a) & (b). Federal Rule of Criminal Procedure 26.2 contains the substance of the Jencks Act. *See* Fed. R. Crim. P. 26.2, advisory committee notes. Additionally, Rule 26.2 also provides for production of statements of defense witnesses at trial in essentially the same manner as required for statements of government witnesses. *See id.*

Federal Rule of Criminal Procedure 16(a)(1)(E) sets out the categories of information that the government must disclose to the defendant, upon his request:

> [B]ooks, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim P. 16(a)(1)(E).

"A defendant must make a prima facie showing of materiality before he is entitled to obtain requested discovery." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1234 (D.N.M. 2008).

"Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* "The term 'defense' means an argument in response to the prosecution's case-in-chief, *i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged." *Id*. (*citing United States v. Armstrong*, 517 U.S. 456, 462 (1996)). To show materiality, the evidence must bear some abstract logical relationship to the issues in the case such that pretrial disclosure would enable the defendant significantly to alter the quantum of proof in his favor. *Id*. (citation omitted). "This materiality requirement is not a heavy burden; rather, evidence is material as long as there is a strong indication that the evidence will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* (internal quotations omitted). "Nevertheless, ordering the production by the government of discovery without any preliminary showing of materiality is inconsistent with Rule 16." *Id.*

Notably, Rule 16(a)(2) "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Nor does Rule 16 authorize the disclosure of FBI reports and statements made by prospective witnesses, except as provided by the Jencks Act. *Id.*

**III.   Discussion**

The briefs indicate that disclosure is ongoing and the parties are working to resolve the technical glitches. In the Reply, filed on June 5, 2012, Defendants list categories a. thorough l. as still outstanding. (Doc. 221). Each category is discussed in turn.

    a.    Information concerning informants. The United States has agreed to disclose

certain information about the informants consistent with its discovery obligations. Defendants state that this request may be held in abeyance until production occurs. Due to the complex nature of this case, and the impending trial setting of July 16, 2012, the Court orders the United States to disclose all *Brady* and *Giglio* materials concerning the informants no later than June 15, 2012. Additionally, the Court orders the parties to disclose to the opposing party the party's respective Rule 26.2 and/or Jencks Act materials no later than June 29, 2010.

The Court notes that Defendants have requested leave to interview or depose the informants. Federal Rule of Criminal Procedure 15(a) allows for a deposition to preserve testimony for trial given "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15. It is material that Rule 15 "does not contemplate use of depositions of adverse witnesses as discovery tools in criminal cases." *United States v. Edwards*, 69 F.3d 419, 437 (10th Cir. 1995). Rather, the "exceptional circumstances" standard of Rule 15(a) requires that the district court exercise "its discretion in determining whether a deposition should be taken under the particular circumstances presented." *Id.* In that Defendants have shown neither exceptional circumstances, nor a need to preserve testimony for trial, their request to interview or depose informants is denied.

      b.      Forms 4473 involved in the operation of the New Deal federal firearms license. Defendants state that these documents have not been produced as of June 5, 2012. These documents are material to the defense. The Court orders the United States to produce Forms 4473 involved in the operation of the New Deal federal firearms license, that are in the possession of the United States, no later than June 15, 2012.

      c.      Acquisition and Disposition Record Books from the seventeen years of the operation of the New Deal federal firearms license, which document the same business practices

taught to Defendants by federal regulators.  These documents are material to the defense.  The Court orders the United States to produce Acquisition and Disposition Record Books involved in the operation of the New Deal federal firearms license, as well as any ATF training materials seized from Defendants or New Deal, that are in the possession of the United States, no later than June 15, 2012.

        d.        Four cell phones that were seized from Defendants.  In its Response, the United States stated that it did not impound Terri Reese's cell phone as evidence.  (Doc. 211).  In that they contain contact information and call logs, the cell phones are material to the defense.  The Court orders the United States to produce cell phones belonging to Defendants or New Deal that are in the possession of the United States no later than June 15, 2012.

        e.        Phone records from the four cell phones taken from Defendants, and phone records from the land lines at New Deal. These documents are material to the defense.  If such records were seized from Defendants or New Deal, the Court orders the United States to produce such records that are in the possession of the United States no later than June 15, 2012.

        f.        The actual guns involved in alleged straw purchases. These items are material to the defense.  If the United States has these items in its possession, the Court orders the United States to produce them for inspection by Defendants no later than June 15, 2012.

        g.        All other guns and accessories obtained from and belonging to the Defendants. These items are material to the defense. The Court orders the United States to produce these items for inspection by Defendants no later than June 15, 2012.

        h.        Investigative reports from prior years for the New Deal federal firearms license. These documents are material to the defense.  If the United States has these reports in its possession, the Court orders the United States to produce these reports to Defendants no later than

...

June 15, 2012.

    i.    Documents pertaining to the inter-agency sharing of proceeds from the seizures in this case. The Court orders the United States to disclose any *Brady* materials in this category no later than June 15, 2012. In that Defendants have not shown that these documents are material to the defense, the documents need not be produced under Rule 16(a)(1)(E).

    j.    Suspect data base access to document "time to crime" for legal gun sales, including sales to law enforcement officers. The Court orders the United States to disclose any *Brady* materials in this category no later than June 15, 2012. In that Defendants have not shown that these items are material to the defense, the items need not be produced under Rule 16(a)(1)(E).

    k.    Pre-search video taken of the Defendants' several properties. This video is material to the defense. If the United States has such a recording in its possession, the Court orders the United States to produce it to Defendants no later than June 15, 2012.

    l.    Documents relating to other federal firearms licenses and investigations. The Court orders the United States to disclose any *Brady* materials in this category no later than June 15, 2012. In that Defendants have not shown that these documents are material to the defense, the items need not be produced under Rule 16(a)(1)(E).

If additional discovery disputes develop, the parties shall request a discovery conference with United States Magistrate Judge Gregory B. Wormuth during the week of June 18, 2012.

**THEREFORE,**

**IT IS ORDERED** that Defendant Terri Reese's First Motion for Discovery: Disclosure of Informant(s) and Related Information, (Doc. 179), and Defendant Terri Reese's Second Motion for Discovery: Various Categories of Information, (Doc. 180), is **GRANTED IN PART AND**

**DENIED IN PART AS DISCUSSED HEREIN**.

**IT IS FURTHER ORDERED** that the United States must disclose all *Brady*, *Giglio*, and Rule 16 materials to Defendants no later than June 15, 2012.

**IT IS FURTHER ORDERED** that the parties must to disclose to the opposing party the party's respective Rule 26.2 and/or Jencks Act materials no later than June 29, 2012.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**