IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                                      No. CR 11-2294 RB

**RICK REESE, TERRI REESE,**
**RYIN REESE, and REMINGTON REESE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Rick Reese's Motion to Exclude the August 30, 2011 Statement of Ryin Reese, (Doc. 184). Defendants Terri Reese and Remington Reese have joined in this Motion. Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court denies this Motion.

**I.     Background**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged by Indictment with conspiracy, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and money laundering conspiracy. (Doc. 2). Rick Reese and Terri Reese are the parents of Ryin Reese and Remington Reese. Trial is set for July 16, 2012.

On August 30, 2011, Ryin Reese was arrested at the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Office in Las Cruces, New Mexico based on a warrant. At the ATF office, Homeland Security Investigations (HSI) Special Agents Nelson Miller and Joshua Smalley interviewed Ryin Reese about his involvement in the HSI investigation of New Deal Shooting Sports. During the interview, Ryin Reese described his sales of firearms and ammunition to a Cooperating Defendant and two Undercover Agents. Ryin estimated the sales to these individuals

totaled approximately $15,000. Ryin believed the guns were going to Mexico. Special Agent Smalley prepared a report detailing Ryin Reese's statements during the interview, (Govt. Ex. 1), and Ryin wrote a statement describing his dealings with the Cooperating Defendant. (Govt. Ex. 2).

## II.  Discussion

Rick Reese moves to suppress the August 30, 2011 statements of Ryin Reese on the ground that admission of the statements would violate Rick Reese's constitutional rights. Relying on *Bruton v. United States*, 391 U.S. 123 (1968), Rick Reese contends that the statements cannot be redacted to cure the constitutional violations, and he requests an evidentiary hearing. The United States responds that *Bruton* is inapplicable because the statements are not inculpatory as to any of the co-defendants and redaction is unnecessary.

In *Bruton*, the Supreme Court held that the Sixth Amendment right to confront adverse witnesses is violated if the defendant's non-testifying codefendant makes an extrajudicial confession that implicates the defendant and the Government introduces the confession into evidence at their joint trial, even if the jury is instructed to consider the confession only against the codefendant. *Bruton*, 391 U.S. at 137. Specifically, the Supreme Court determined that the co-defendant's confession, which directly implicated Mr. Bruton and was hearsay as to him, was so powerfully incriminating that the Supreme Court could not disregard the substantial risk the jury would consider the testimony despite instructions not to do so. *See Bruton*, 391 U.S. at 126-28, 135. Notably, the Supreme Court cautioned against a broad application of its holding, stating that in many cases the jury can and will follow the trial judge's instructions to disregard the information. *See id.* at 135. *See also Richardson v. Marsh*, 481 U.S. 200, 207(1987) (explaining that *Bruton's* holding is a narrow exception to the general principle that jurors will follow their instructions).

In accordance with this qualification, the Tenth Circuit has "emphasized . . . that the rule

2

announced in *Bruton* is a limited one." *United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007). Indeed, "*Bruton* applies only in those few contexts where the statement is so inculpatory as to the defendant that the 'practical and human limitations of the jury system cannot be ignored.'" *United States v. Rahseparian*, 231 F.3d 1267, 1277 (10th Cir. 2000) (quoting *Bruton*, 391 U.S. at 135). "In other words, the *Bruton* rule does not apply to "statements that are not directly inculpatory but only inferentially incriminating." *Rahseparian*, 231 F.3d 1267, 1277.

Special Agent Smalley wrote in his report that "Ryin took full responsibility for all illegal sales" and "Ryin never discussed the sales with his parents or brother." (Govt. Ex. 1). Additionally, Special Agent Smalley wrote, "[t]he only conversation Ryin had with his father, Rick REESE, about the purchases in question was when Rick asked Ryin if the paperwork was in order." (Govt. Ex. 1). Ryin's written statement does not mention the co-defendants. (Govt. Ex. 2). Thus, neither statement is directly inculpatory to the co-defendants.

Defendants maintain that the admission would create an inference that all members of the conspiracy knew that illegal gun sales took place and would undercut the defense that no crime occurred. The United States did not respond to this point. Where a co-defendant's statement is not facially or directly inculpatory, *Bruton* only applies when the statement is evidence of a fact critical to the prosecution's case. *See United States v. Glass*, 128 F.3d 1398, 1404 (10th Cir. 1997) (discussing the second and third of three statements admitted in violation of Bruton ). In *Glass*, the co-defendants denied knowing one another during their initial interviews with the officers. *Id.* One of the co-defendants subsequently gave a statements that the co-defendants were half-siblings and they had the same grandmother. *Id.* These statements by one co-defendant established a relationship between the co-defendants critical to support the aiding and abetting charge against the other co-defendant . *Id.* In *Glass*, the familial relationship between the co-defendants was a critical element

3

of the government's proof, and the statements were the only direct testimonial evidence affirmatively linking the two defendants. *Id.* Under the specific facts of *Glass*, the Tenth Circuit held that *Bruton* applied to the co-defendant's statement. *See Glass*, 128 F.3d at 1405. In the case *sub judice*, Defendants have neither shown that Ryin's statement concerning his knowledge is the only direct testimonial evidence critical to the prosecution's case against the Co-Defendants. Thus, *Bruton* is inapplicable.

**THEREFORE,**

**IT IS ORDERED** that Defendant Rick Reese's Motion to Exclude the August 30, 2011 Statement of Ryin Reese, (Doc. 184), is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**