IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              No. CR 11-2294 RB

RICK REESE, TERRI REESE,
RYIN REESE, and REMINGTON REESE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Terri Reese's Motion to Dismiss Criminal Forfeiture Allegations With Respect to Nearly All Firearms and Ammo, (Doc. 171). All Defendants have joined in this Motion. Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court denies this Motion.

I.       **Background**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese ("Defendants") were charged by Indictment with conspiracy, making false statements in connection with the acquisition of firearms, smuggling firearms from the United States, and money laundering conspiracy. (Doc. 2). The Indictment includes forfeiture allegations based on the criminal charges. (Doc. 2). Specifically, Allegation A provides that, upon Defendants' conviction on the charges contained in counts 1-10, the United States will seek forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of their interest in all firearms and ammunition "involved in" those offenses. (Doc. 2). Allegations B and C state that, upon Defendants' conviction on the charges contained in counts 1 and 11-28, the United States will seek forfeiture, pursuant to 18 U.S.C. §§ 924(d), 981(a)(1)(C) and 28 U.S.C. § 2461(c), of their

interest in all firearms and ammunition "involved in and intended to be used in" those offenses and all proceeds of offenses pertaining to the exportation of firearms.  (Doc. 2).  Allegation D states that, upon Defendants' conviction of the charges contained in counts 1 and 11-18, which pertain to firearms exportation, the United States will seek forfeiture, pursuant to 19 U.S.C. § 1595a(d) and 28 U.S.C. § 2461(c), of the proceeds of, as well as all property used to facilitate the exporting and attempted exporting, and used to facilitate the purchase, concealment, and sale of such firearms and ammunition prior to exportation. (Doc. 2). Allegations E and F specify that, upon Defendants' conviction of the money laundering conspiracy charges, the United States will seek forfeiture, pursuant to 18 U.S.C. § 982(a), of Defendants' interest in all property "involved in" those offenses, including a $36,000 money judgment and the assets of New Deal Shooting Sports.  (Doc. 2).

Defendants move to dismiss, pursuant to Fed. R. Crim. P. 12(b), the allegations of the Indictment that pertain to the firearms and ammunition seized that were not specifically identified in the Indictment and linked to the charged offenses.  The United States responds that the motion is premature and the forfeiture allegations are sufficient under 18 U.S.C. § 924(d).

## II.    Standard

An indictment may be dismissed under Rule 12(b) if the facts alleged in the indictment fail "to invoke the court's jurisdiction or state an offense."  Fed. R. Crim. P. 12(b).  When reviewing a motion under Rule 12(b), a court must make all factual inferences in favor of the government and assume that the government could prove all of the facts alleged in the indictment at trial.  *United States v. Jeronimo-Bautista*, 425 F.3d 1266, 1267 (10th Cir. 2005).

The purpose of a motion to dismiss under Rule 12 is not to challenge the strength or weakness of the government's case, but rather to determine whether the indictment states an

offense. *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006). An indictment is sufficient if it:

> (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense.

*United States v. Hall*, 20 F.3d 1084 (10th Cir. 1994). The appropriate inquiry on a motion to dismiss an indictment is not whether the government has presented sufficient evidence to support the charge, but rather whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. *Todd*, 446 F.3d at 1067.

## III.    Discussion

"Forfeitures serve a variety of purposes, but are designed primarily to confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct." *United States v. Ursery*, 518 U.S. 267, 284 (1996). The Supreme Court has made clear that forfeiture is part of the sentence and not a substantive charge in itself. *See Libretti v. United States*, 516 U.S. 29, 39-41 (1995). The burden of proof is on the government to establish, by a preponderance of the evidence, that the property at issue is subject to forfeiture. *United States v. Wagoner Cnty. Real Estate*, 278 F.3d 1091, 1097 (10th Cir. 2002) (addressing forfeiture proceeding pursuant to 18 U.S.C. § 983(c)(1)).

Defendants contend that the allegations in the Indictment insufficiently identify the property at issue. Rule 32.2(a) provides:

> (a) Notice to the Defendant. A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The notice should not be designated as a count of the indictment or information. The indictment or information need not identify the property subject to forfeiture or specify the amount of any

forfeiture money judgment that the government seeks.

Fed. R. Crim. P. 32.2(a)

The "essential purpose" of the notice requirement of Rule 32.2(a) is to inform the defendants that the government seeks forfeiture so the defendants can marshal evidence in their defense. *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008). Rule 32.2 expressly provides that the indictment need not identify the property subject to forfeiture. In this case, the Indictment clearly informs Defendants that the United States intends to seek forfeiture of the firearms and ammunition seized from the New Deal store. This information is sufficient to allow Defendants to prepare a defense to the forfeiture allegations regarding this property. Thus, the Indictment sufficiently identifies the property as required by Rule 32.2(a).

Defendants contend that 18 U.S.C. § 924(d)(2)(C) should be interpreted as a pleading requirement, *i.e.*, as requiring that the United States specifically identify and link each firearm and quantity of ammunition to a charged offense in the forfeiture allegations contained in the Indictment. Defendants cite to no legal authority for this contention, other than § 924(d)(2)(C). Such an interpretation would be inconsistent with the plain language of § 924(d)(2)(C), which states:

> Only those firearms or quantities of ammunition particularly named and individually identified as involved in or used in any violation of the provisions of this chapter or any rule or regulation issued thereunder, or any other criminal law of the United States or as intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure, forfeiture, and disposition.

18 U.S.C. §924(d)(2)(C). The plain language of §924(d)(2)(C) discusses the United States' burden of proof, which indicates that §924(d)(2)(C) is not a pleading requirement, but rather a question for the finder of fact. Indeed, the question of whether the firearms and ammunition were involved in or used in a violation of federal firearms law is a question of fact. *See United States v.*

4

*Approximately 627 Firearms*,  589 F.Supp.2d 1129, 1135 (S.D. Iowa 2008).  Questions of fact are

not amendable to resolution at the pleadings stage.  *See Pfeil v. State Street Bank and Trust Co.*, 671

F.3d 585, 593 (6th Cir. 2012); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir.

2001).  Therefore, § 924(d)(2)(C) should not be interpreted as a pleading requirement.

 Moreover, pretrial dismissal of the forfeiture allegations would be premature.  In the

event of a guilty verdict, the Court must make a determination as to what, if any, assets are

subject to forfeiture.  *See* Fed. R. Crim. P. 32.2(b)(1)(A).  Specifically, Rule 32.2(b)(1)(A)

provides: "As soon as practical after a verdict or finding of guilty . . . on any count in an

indictment . . . regarding which criminal forfeiture is sought, the court must determine what

property is subject to forfeiture under the applicable statute."  Fed. R. Crim. P. 32.2(b)(1)(A).

The determination of the property subject to forfeiture must await a verdict or finding of guilty

and must be based on the evidence presented.  Additionally, Rule 32.2(b)(1)(A) states that:  "If

the government seeks forfeiture of specific property, the court must determine whether the

government has established the requisite nexus between the property and the offense."  Fed. R.

Crim. P. 32.2(b)(1)(A).  Only after a verdict or finding of guilty does the Court determine

whether the United States has established the required link between the property and the charged

offenses.  *See United States v. Dote*, 150 F. Supp. 2d 935, 943 (N.D. Ill. 2001) (explaining that

the amount of money subject to forfeiture is a matter for the government to prove and the jury to

determine at trial and is not an issue the court can resolve on a motion to dismiss a forfeiture

allegation in the indictment).  The determination of what firearms and ammunition may be

subject to forfeiture must await a verdict or finding of guilty as well as the presentation and due

consideration of the evidence at trial and any post-verdict hearing.  *See* Fed. R. Crim. P.

32.2(b)(1)(B) ("If the forfeiture is contested, on either party's request the court must conduct a

hearing after the verdict or finding of guilty.").  Simply put, Defendants' pretrial motion to dismiss the criminal forfeiture allegations is premature.

**THEREFORE,**

**IT IS ORDERED** that Defendant Terri Reese's Motion to Dismiss Criminal Forfeiture Allegations With Respect to Nearly All Firearms and Ammo, (Doc. 171), is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**