IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                                                            No. CR 11-2294 RB

**RICK REESE, TERRI REESE,**
**RYIN REESE, and REMINGTON REESE,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Terri Reese's Motion to Reconsider the June 15, 2012 Order or, in the Alternative, to Dismiss the Money Laundering Conspiracy Claims, (Doc. 274), filed on July 12, 2012. Defendant Terri Reese seeks reconsideration of the Court's ruling as to the admissibility of coconspirator statements.

At trial, the United States intends to offer out-of-court statements by Defendants recorded during undercover operations as substantive evidence to prove the truth of the matter asserted. Most out-of-court statements offered to prove the truth of the matter asserted are hearsay. *See* Fed. R. Evid. 801(c)). However, Federal Rule of Evidence 801(d)(2) provides that five types of statements of an opposing party offered against an opposing party are not hearsay. *See* Fed. R. Evid. 801(d)(2)(A-E). One such type of statement is a coconspirator statement, that is a statement "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Under Rule 801(d)(2)(E), a statement by a coconspirator is not considered hearsay if the trial court finds that "1) a conspiracy existed; 2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and 3) the statement was made in the course of and in furtherance of the conspiracy." *United States v. Thornburgh*, 645 F.3d 1197,

1210 (10th Cir. 2011) (quotation omitted). Thus, before a coconspirator statement can be admitted, the government must establish the existence of a conspiracy.

On June 13, 2012, the Court held a hearing, pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), to determine whether the out-of-court statements by Defendants recorded during undercover operations were not hearsay within the meaning of Rule 801(d)(2)(E). Based on the facts presented at the hearing, the Court determined "that the government had established by a preponderance of the evidence that (1) a conspiracy existed among the Defendants; (2) all four Defendants were members of the conspiracy; and (3) the statements presented at the *James* hearing were made in the course of and in furtherance of the conspiracy. Therefore, the statements of Rick Reese, Terri Reese, Ryin Reese, and Remington Reese presented at the *James* hearing are not hearsay within the meaning of Federal Rule of Evidence 801(d)(2)(E)." (Doc. 244). Additionally, the Court stated: "In that there are two separate types of conspiracies alleged and given that the government, at the *James* hearing, put on little evidence related to the money laundering conspiracies, the government is cautioned that, pending further factual development, the cover of Rule 801(d)(2)(E) is not available for statements relating to those conspiracies." (Doc. 244).

Defendant Terri Reese seeks reconsideration of the ruling that the statements are admissible, or dismissal of the two counts of money laundering conspiracy that comprise Counts 29 & 30.[1] According to Terri Reese, the *James* hearing was the United States' opportunity to provide evidence supporting the money laundering conspiracy counts, and, since the United States did not present any evidence supporting Counts 29 & 30 at the *James* hearing, these counts should be dismissed.

---

[1] The Indictment charges three conspiracies: one conspiracy to make false statements in connection with acquisition of firearms and conspiracy to smuggle goods from the United States, in violation of 18 U.S.C.§ 371 (Count 1), and two conspiracies to commit money laundering, in violation of 18 U.S.C. §§ 1956(a) and (h) (Counts 29 & 30).

The purpose of the *James* hearing was to determine the admissibility of the coconspirator statements, not to assess the adequacy of the government's evidence. In order to meet its burden at the *James* hearing, the United States needed to prove the existence of one conspiracy by a preponderance of the evidence. At the *James* hearing, the United States established the existence of the § 371 conspiracy by a preponderance of the evidence. The United States did not need to offer evidence of §§ 1956(a) and (h) conspiracies to meet its burden under Rule 801(d)(2)(E).

In any event, the United States intends the present the testimony of cooperating witnesses Jose Roman-Jurado and Penny Torres to establish the money laundering conspiracy charges. Such testimony would be independent of the coconspirator statements that were the subject of the *James* hearing. The time for a Rule 29 motion is after the government rests it case, not before trial. *See* Fed. R. Crim. P. 29. Accordingly, Terri Reese's Motion to Reconsider the June 15, 2012 Order or, in the Alternative, to Dismiss the Money Laundering Conspiracy Claims is denied.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**