IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                                **No. CR 11-2294 RB**

**RICK REESE, TERRI REESE,
and RYIN REESE,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Rick and Terri Reese's Motion for Partial Release of Assets (Doc. 437). Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court denies this motion.

**I.**    **Background[1]**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged in a thirty-count Indictment with: conspiracy to commit the crimes of making false statements in connection with the acquisition of firearms and smuggling goods from the United States, (Count 1); knowingly making false statements in connection with the acquisition of firearms, (Counts 2-10); smuggling firearms and ammunition from the United States, (Counts 11-28); aiding and abetting (Counts 2-28); and conspiracy to commit money laundering, (Counts 29-30).

The Indictment included forfeiture allegations providing that, if they are convicted,

---

[1] The procedural history of this matter is discussed at length in the Court's Memorandum Opinion and Order on the Government's Motion to Strike the Claims and Answers of Rick Reese and Terri Reese With Respect to Certain Defendants *In Rem* (Doc. 78), filed in *United States v. Real Property at 6600 & 6560 Ventura Rd. SE and 6545 El Portal Rd. SE in Deming, NM, et al.*, CIV 11-1109 RB/LFG.

Defendants must forfeit, *inter alia*, their interest in all firearms and ammunition involved in those offenses, the proceeds of the offenses, and the property used to facilitate the crimes, including the assets of New Deal Shooting Sports and real property located at 6600 Ventura Road SE, Deming, New Mexico, pursuant to 18 U.S.C. §§ 924(d), 981(a)(1)(C), and 982(a); 19 U.S.C. § 1595a(d), and 28 U.S.C. § 2461(c).

On August 26, 2011, United States Magistrate Judge William P. Lynch issued seizure warrants based on probable cause that authorized federal law enforcement officers to seize assets belonging to Old Ironsides, LLC, d/b/a New Deal Shooting Sports, owned by Rick Reese and located at 6600 Ventura Road SE, as well as funds from a bank account held in the name of Old Ironsides, LLC, d/b/a New Deal Shooting. *See In the Matter of the Seizure Warrants* numbered 11-577 MR and 11-578 MR.

On December 19, 2011, the Government filed a Verified Complaint for Forfeiture *In Rem* against the same assets and based on the same grounds for forfeiture as listed in the Indictment and several additional legal grounds. *See United States v. Real Property at 6600 & 6560 Ventura Rd. SE and 6545 El Portal Rd. SE in Deming, NM, et al.*, CIV 11-1109 RB/LFG ("civil case"). Rick Reese and Terri Reese filed verified notices of claim as to the property and filed answers to the forfeiture complaint.

In their Motions for Partial Release of Assets,[2] Rick Reese and Terri Reese request that the Court release cash, gold, and silver to allow the Reeses to pay their legal expenses. The Government responds that the assets are restrained as part of the civil case and the Reeses have not made the requisite showing for an evidentiary hearing. Rick Reese and Terri Reese reply that they

---

[2] Defendants filed the same motion in both cases. The arguments relevant to the criminal case are addressed herein. The arguments concerning the civil case are addressed in a separate Memorandum Opinion and Order.

have met their burden for an evidentiary hearing.

## II.     Discussion

The Supreme Court has held that criminal defendants have no Sixth Amendment right to use property subject to forfeiture to retain counsel. *See Caplin & Drysdale v. United States*, 491 U.S. 617, 624-33 (1989). The Court held that any Sixth Amendment right to obtain counsel of choice does not extend beyond the individual's right to spend his own legitimate, non-forfeitable assets. *Caplin*, 491 U.S. at 624-33. The Court rejected "any notion of a constitutional right to use the proceeds of crime to finance an expensive defense." *Id.* at 630. The Court stressed that "there is a strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable to pay for their defense." *Id.* at 631. Moreover, the pre-trial restraint of a criminal defendant's assets does not violate the Constitution as long as the assets are restrained based upon a finding of probable cause that they are subject to forfeiture. *United States v. Monsanto,* 491 U.S. 600, 615-16 (1989);*United States v. Farmer*, 274 F.3d 800, 802-03 (4th Cir. 2001). Notably, defendants are not automatically entitled to a hearing concerning the restraint. *United States v. Monsanto,* 491 U.S. 600, 615-16 (1989). Because forfeiture allegations in an indictment reflect the grand jury's finding of probable cause to believe that the subject property will be subject to forfeiture upon conviction, pretrial restraint of such property does not violate defendants' Sixth Amendment right to counsel.

Nonetheless, the Tenth Circuit has held that due process requires a pretrial adversary hearing when a defendant claims that a portion of the assets restrained pursuant to criminal forfeiture statutes are untainted and that he has no other funds from which to secure the counsel of his choice. *See United States v. Jones,* 160 F.3d 641, 645-49 (10th Cir.1998); *Farmer*, 274 F.3d

at 804.  When criminal defendants challenge the restraint of assets and request a pre-trial hearing, the court may grant a limited hearing, but only if the defendants make a threshold showing that the defendants are completely unable to afford counsel without resort to the restrained assets. *Jones*, 160 F.3d at 647 (finding that "a post-restraint pre-trial hearing is required only upon a properly supported motion by defendant[s]."); *accord United States v. Jamieson*, 427 F.3d 394, 406 n.3 (6th Cir. 2005) (collecting cases).

In order to obtain a hearing, criminal defendants seeking the release of seized assets have the burden of persuasion to "demonstrate to the court's satisfaction that [they have] no assets, other than those restrained, with which to retain private counsel or provide for [themselves and their] family." *Jones,* 160 F.3d at 647; *see Farmer*, 274 F.3d at 804 (holding that criminal defendants must make a threshold showing of need to use restrained assets to pay their attorney). If criminal defendants fail to make this initial showing, then their private interests in obtaining their counsel of choice are outweighed by the government's interests, including the government's significant interest in preserving forfeitable assets.  *See Jones*, 160 F.3d at 645-47 (applying the three-factor due process balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976)).

In support of their Motion for Partial Release of Assets, Rick Reese and Terri Reese submitted the affidavit of Rick Reese in which he states that the Reeses have no liquid assets, they are seeking employment, and they need the cash and precious metals to pay living expenses and attorneys' fees.  Notably, defendants seeking a hearing must provide tangible evidence supporting the claim that the seized funds are needed to retain counsel.  *See United States v. Dupree*, 781 F. Supp. 2d 115, 142 (E.D.N.Y. 2011) (describing an affidavit submitted by a defendant that specified his assets, liabilities, and net worth).  The affidavit submitted by Rick Reese neither details the family assets and liabilities nor provides tangible evidence supporting the claim that the

seized funds are needed to retain counsel.  The Government submitted an affidavit specifying the personal property and merchandise that was not seized from Defendants.  ATF personnel observed Remington Reese selling firearm accessories at the Las Cruces Gun Show on October 22, 2012. Rick Reese is a registered owner of several vehicles that were not seized by the Government. Defendants have been released on pretrial conditions. Defendants' relatives have significant assets and have assisted them financially during the course of these proceedings.  Defendants' local and national supporters have established legal defense funds to pay Defendants' legal expenses. Defendants have not demonstrated to the Court's satisfaction that they have no assets, other than those restrained, with which to retain private counsel and pay their expenses. *See Jones*, 160 F.3d at 647.

**THEREFORE,**

**IT IS ORDERED** that Defendants Rick and Terri Reese's Motion for Partial Release of Assets, (Doc. 437), is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**