IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                              No. CR 11-2294 RB

**RICK REESE, TERRI REESE,
and RYIN REESE**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Vacate Felony Conviction (Doc. 479); Defendants' Objections to Pre-Sentence Reports (Doc. 477); and Defendants' Motions for Variance (Docs. 480, 481 and 482). On November 5, 2014, the Court sentenced Defendants to time-served. For the reasons that follow, the Court denies Defendants' Motion to Vacate Felony Conviction, overrules Defendants' Objections to Pre-Sentence Reports, and grants Defendants' Motions for Variance.

**I.**    **Background**

On August 24, 2011, Rick Reese, Terri Reese, Ryin Reese, and Remington Reese were charged in a thirty-count Indictment with: conspiracy to commit the crimes of making false statements in connection with the acquisition of firearms and smuggling goods from the United States, (Count 1); knowingly making false statements in connection with the acquisition of firearms, (Counts 2-10); smuggling firearms and ammunition from the United States, (Counts 11-28); aiding and abetting, (Counts 2-28); and conspiracy to commit money laundering, (Counts 29-30). Trial commenced on July 17, 2012. At the close of the Government's case, on

July 27, 2012, Defendants moved for judgment of acquittal on all counts, pursuant to Federal Rule of Criminal Procedure 29. On July 31, 2012, the Court granted the Motion as to Counts 29 and 30, and denied the Motion as to all other counts. Counts 1-28 were submitted to the jury.

On August 1, 2012, the jury returned a verdict finding Ryin Reese guilty on Counts 7 and 8 (knowingly making a false statement in connection with acquisition of firearms on June 15, 2011, and July 7, 2011, in violation of 18 U.S.C. § 924(a)(1)(A)), Rick Reese guilty on Count 9 (knowingly making a false statement in connection with acquisition of firearms on July 29, 2011, in violation of 18 U.S.C. § 924(a)(1)(A)), and Terri Reese guilty on Count 10 (knowingly making a false statement in connection with the acquisition of firearms on July 29, 2011, in violation of 18 U.S.C. § 924(a)(1)(A)), and acquitting on all other counts. Remington Reese was acquitted on all counts.

On November 21, 2012, the Government filed a Sealed Ex Parte Motion for In Camera Review, pertaining to information concerning Luna County Sheriff's Office Deputy Alan Batts, asking the Court to review 126 pages of attachments in camera and rule ex parte that such information was not subject to disclosure to the defense. The Court directed the Government to serve its seven-page motion on defense counsel and imposed the Government's requested disclosure limitations on Defendants and defense counsel.

On December 31, 2012, Defendants filed a Motion for a New Trial. On January 28, 2013, the Court held a hearing and granted the Motion for a New Trial on February 1, 2013. The Government filed an interlocutory appeal. On April 30, 2014, the Tenth Circuit held "there is not a reasonable probability that the outcome of Defendants' trial would have been different had the government disclosed the Deputy Batts investigation. Because the investigation was thus not material under *Brady*, the district court erred in granting Defendants' new-trial motion. We

therefore reverse the district court's order granting Defendants a new trial and remand this case to the district court for further proceedings." (Doc. 464).

On July 23, 2014, Defendants filed a petition for a writ of certiorari, which was denied on October 6, 2014.

Defendants object to the use of acquitted conduct as specific offense conduct and contend that this facts were not sufficiently proved. Defendants assert that their felony convictions under 18 U.S.C. § 924(a)(1)(A) should be vacated and they should be sentenced under the misdemeanor provision of 18 U.S.C. § 924(a)(3). Defendants move for variances. The Government opposes these motions. However, the Court has discretion to grant Defendants' requests for variances.

## II.     Presentence Reports

The Presentence Reports set forth a Base Offense of Level 12. The Presentence Reports apply: (1) a 6-level increase because the offense involved 35 firearms (25-99 firearms U.S.S.G. § 2K2.1(b)(1)(C)); (2) a 4-level increase because the offense involved firearm trafficking (U.S.S.G. § 2K2.1(b)(5)); (3) a 4-level increase because defendant used or possessed the firearms in connection with another felony offense, that is exporting firearms (U.S.S.G. § 2K2.1(b)(5)); and (4) for Rick Reese and Terri Reese a 2-level adjustment for obstruction of justice (U.S.S.G. § 3C1.1). The total offense level is 28 for Rick Reese and Terri Reese and 26 for Ryin Reese. With a criminal history category I, the guideline range is 78-97 months for Rick Reese and Terri Reese and 63-78 months for Ryin. Because the statutory maximum is five years, the guideline imprisonment sentence for each Defendant is 60 months. *See* U.S.S.G. § 5G1.1. In addition, the Presentence Reports recommend three years of supervised release for all Defendants and fines of $12,500 each for Rick Reese and Terri Reese.

### III. Defendants' Joint Motion to Vacate Felony Convictions

Defendants contend that their felony convictions in violation of 18 U.S.C. § 924(a)(1)(A) should be vacated and they should be sentenced under the misdemeanor provision of in violation of 18 U.S.C. § 924(a)(3).

The jury found Defendants guilty of knowingly making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 924(a)(1)(A). Section 924(a) provides in pertinent part:

> § 924. Penalties
>
> (a)(1) Except as otherwise provided in this subsection, subsection (b), (c), or (f) of this section, or in section 929, whoever - (A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter . . .shall be fined under this title, imprisoned not more than five years, or both.
> . . .
> (3) Any licensed dealer, licensed importer, license manufacturer, or license collector who knowingly - (A) makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or . . . . shall be fined under this title, imprisoned not more than one year, or both.

18 U.S.C. § 924(a).

In support of their argument, Defendants rely on *United States v. Wegg* and *United States v. Percival*, decisions from the Eastern District of Virginia. In each of these cases, the district court held that the government may not rely on § 924(a)(1)(A) when prosecuting a firearms licensee for a records-keeping offense, and the appropriate penalty for such an offense is the misdemeanor penalty provided in § 924(a)(3). *See United States v. Wegg*, 919 F.Supp. 898, 903 (E.D.Va. 1996); *United States v. Percival*, 727 F.Supp. 1015, 1017 (E.D. Va. 1990).

The court in *Wegg* reasoned that because the statute described "an offense generally and attribute[d] felony punishment to all violators except for an excepted group . . . those in the excepted group may only be prosecuted for the misdemeanor." *Wegg*, 919 F.Supp. at 903. Specifically, the court in *Wegg* stated:

> It is axiomatic that where a statute describes an offense generally and attributes felony punishment to all violators except for an excepted group who may only receive misdemeanor punishment, those in the excepted group may only be prosecuted for the misdemeanor. Under a literal reading of § 924, then, when record-keeping offenses concerning their own records are at issue, licensed dealers may only be prosecuted for a misdemeanor . . . . The government cannot avoid the direct application of § 924(a)(3) by attempting to use a different provision in the same statute to punish the same behavior . . . .

*Id.*

This reasoning has been roundly criticized. The Sixth Circuit observed that *Wegg* was not persuasive. *United States v. Choice*, 201 F.3d 837, 841 (6th Cir. 2000). The Seventh Circuit commented that "*Wegg* carries no binding authority, nor do we even find it remotely persuasive." *United States v. Rietzke*, 279 F.3d 541, 544 (7th Cir. 2002). The Eighth Circuit held that the Government could elect to proceed under § 924(a)(1)(A) rather than § 924(a)(3). *United States v. Al-Muqsit*, 191 F.3d 928, 935-36 (8th Cir. 1999) (judgment vacated en banc as to unrelated defendant). The Ninth Circuit rejected the reasoning of *Wegg* and *Percival* and held the plain language of the statute supported the application of Section 924(a)(1) to licensed firearms dealers. *United States v. Javouhey*, 117 F.3d 440, 442 (9th Cir. 1997). Contrary to Defendants' contention, "the interplay of § 924(a)(1)(A) and § 924(a)(3)(A), respectively, does *not* pose an instance whereby general statutory language is entirely superseded by specific statutory terms which address a precise matter." *United States v. Carney*, 387 F.3d 436, 444 (6th Cir. 2000).

For instance, in *Rietzke*, the Seventh Circuit held that the defendant's claim that he should have been charged under § 924(a)(3) was "contrary to the well-established principles set forth in *United States v. Batchelder*, 442 U.S. 114 (1979)." *Rietzke*, 279 F.3d at 545. In *Batchelder*, the Supreme Court held that when multiple criminal statutes apply to the same conduct, the prosecutor has the discretion to choose under which statute to proceed. *Batchelder*, 442 U.S. at 125. The defendant is not "entitled to choose the penalty scheme under which he will be sentenced." *Id*. In this case, the Government in the exercise of prosecutorial discretion chose to charge Defendants under the felony provision of the statute rather than the misdemeanor provision. This decision was within the Government's discretion.

At the sentencing hearing, Defendants argued that the misdemeanor provision of § 924(a)(3) should apply because it is more specific than the felony provision § 924(a)(1) and cited to *Edmond v. United States*, 520 U.S. 651 (1997). *Edmond* held that "where a specific provision conflicts with a general one, the specific governs." *See id.*, 520 U.S. at 657. *Edmond* is not helpful to Defendants because there is no conflict between the § 924(a)(3) and § 924(a)(1). Similarly, there is no merit in Defendants' contention that the felony only applies to willful violations.[1] This argument is undercut by the plain language of Section 924 (a)(1) which is a penalty provision. *See* 18 U.S.C. § 924(a)(1). Section 924(a)(1) includes both knowing and willful violations of 18 U.S.C. §§ 921-931. *See* 18 U.S.C. § 924 (a)(1)(A-D). This same argument was rejected by the Eighth Circuit in *Al-Muqsit,* 191 F.3d 928, 935-36. Therein, the Eighth Circuit held that the defendants were properly charged under § 924 (a)(1)(A) rather than § 924 (a)(3). Notably, the court stated "[t]here is simply nothing in the language or legislative

---

[1] Notably, the defendant in *Percival* was convicted of violating § 922(b)(5) by willfully failing to keep records of several firearm sales. *Percival,* 727 F.Supp. at 1017.

history of the statute to indicate Congress intended to do anything more than allow for the option of misdemeanor prosecution for licensed dealers who make false statements on ATF forms, while leaving intact the felony prosecution structure for those such as [defendants] whose flagrant and repeated actions in accepting false ATF forms from straw purchasers and backdating ATF forms to avoid notification requirements warrants felony punishment." *Id.* at 935.

The circumstances of *Al-Muqsit* are materially similar to the instant case and are therefore instructive. *Al-Muqsit,* 191 F.3d at 932-935. Therein, the gun dealer defendants were convicted of conspiracy and making false statements on gun transaction records and sentenced as felons under § 924(a)(1)(A). After review of the legislative history, the Eighth Circuit further held that such history "suggests [the misdemeanor] amendments were intended to ensure that law-abiding citizens would not be subject to severe criminal penalties for unintentional missteps." *Al-Muqsit,* at 935 (citation omitted). "Meanwhile, the felony penalties were left intact to address more serious offenses, to allow law enforcement to 'go after' the first link in a chain which results in a plentiful supply of firearms for use in violent crime. We do not believe that Congress intended to insulate from punishment dealers such as [defendants] who knowingly participate in an illegal gun trafficking scheme that puts hundreds of firearms in the hands of Chicago gang members." *Id.* at 936.

In this case, the evidence at trial established that Defendants engaged in repeated sales to straw purchasers from April 2010 to July 2011. The evidence showed that Defendants knew that the firearms were going to Mexico and the Roman-Jurado had ties to Mexican drug cartels. The evidence did not indicate that Defendants merely made false statements on forms. Rather, it established that Defendants aided and abetted an ongoing, illegal firearm trafficking scheme.

Accordingly, Defendants were properly charged and convicted in knowingly participating in straw purchases in violation of Section 924(a)(1)(A). The Court will deny Defendants' Motion to Vacate Felony Convictions as legally unsupported.

## IV.     Defendants' Objections to the Pre-Sentence Reports

Defendants object to the use of acquitted conduct in determining their sentences. "Under a longstanding American tradition embodied in [18 U.S.C.] § 3661 and [18 U.S.C.] § 3553(a), federal courts seeking a just sentence may look to the whole of the defendant's person, character, and crimes." *See United States v. Smith*, 756 F.3d 1179, 1184 (10th Cir. 2014). This tradition is reflected in Section 3661, which states "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Consistent with this precept, the Supreme Court and the Tenth Circuit have held that a sentencing court may consider acquitted conduct in determining the appropriate sentence. *United States v. Watts*, 519 U.S. 148, 154 (1997) (per curiam); *United States v. Todd*, 515 F.3d 1128, 1137-38 (10th Cir. 2008). This is proper because an acquittal by the jury proves only that the defendant was not guilty beyond a reasonable doubt. *Watts*, 519 U.S. at 156. In contrast, facts relevant to sentencing have generally been found by a preponderance of the evidence. *Id.* Because the sentencing guidelines direct judges to look at the characteristics of the offense, the preponderance standard includes acquitted conduct. *Watts*, 519 U.S. at 156-57.

At the sentencing hearing, Defendants urged the Court to apply a heightened standard of proof to acquitted conduct at sentencing. This argument is foreclosed by binding authority. In

*Watts,* the Supreme Court acknowledged a divergence of opinion among the Circuits whether, in extreme circumstances, relevant conduct that would dramatically increase the sentence must be based on clear and convincing evidence. *See Watts*, 519 U.S. at 156 n.2. The Supreme Court noted that the Tenth Circuit had rejected a higher standard and contributed to the split. *See id.* (*citing United States v. Washington*, 11 F.3d 1510, 1516 (10th Cir. 1993) ("At least as concerns making guideline calculations the issue of a higher than a preponderance standard is foreclosed in this circuit.")). The Supreme Court in *Watts* held that even "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquittal charge, so long as the conduct has been proved by a preponderance of the evidence." *Watts*, 519 U.S. at 157.

In *United States v. Magallanez*, the Tenth Circuit held that *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005) had not altered the sentencing enhancement standard of proof, and explicitly reaffirmed the applicability of the preponderance standard. *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005). Notably, "when a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard." *Id.* As a result, the preponderance of the evidence standard applies to the consideration of acquitted conduct at sentencing.

Defendants also point out that there is an ongoing debate about whether the Constitution prohibits courts from imposing greater punishments that depend on facts neither admitted by the defendant nor found by a jury. *See Rita v. United States,* 551 U.S. 338, 373, (2007) (Scalia, J., concurring in part and concurring in the judgment); *Jones v. United States*, ____ S.Ct. ____,

2014 WL 1831837 (2014) (Scalia, J., dissenting from denial of cert.); *Smith*, 756 F.3d at 1182 (acknowledging the debate). In his powerful dissent to the denial of certiorari in *Jones*, Justice Scalia, joined by Justice Thomas and Justice Ginsberg, explained that any fact that increases the penalty to which a defendant is exposed is essentially an element of a crime, and therefore must be proved to a jury, not a judge. *Jones*, 2014 WL 1831837 *1. According to Justice Scalia, "any fact necessary to prevent a sentence from being substantively unreasonable - thereby exposing the defendant to the longer sentence - is an element that must be either admitted by the defendant or found by the jury." *Id*. Justice Scalia insisted that the Supreme Court should have granted certiorari in *Jones* to "put an end to the unbroken string of cases disregarding the Sixth Amendment" or else eliminate the "Sixth Amendment difficulty by acknowledging that all sentences below the statutory maximum are substantively reasonable." *Id*.

This Court shares Justice Scalia's discomfort with the current state of the law and agrees that the Supreme Court should clarify this legal issue. Nonetheless, this Court is bound to follow the controlling precedent. As the law now stands, sentencing courts are to consider acquitted conduct in fashioning a sentence. *Watts*, 519 U.S. at 157; *Smith,* 756 F.3d at 1181; 18 U.S.C. § 3661. As this Court is bound to follow the law as articulated by the Supreme Court and the Tenth Circuit, the Court will consider relevant acquitted conduct under the preponderance of the evidence standard. Defendants' objections to the Presentence Reports will be overruled.

At trial, the Government presented evidence establishing that Defendants knowingly sold firearms to straw purchasers, Defendants knew the firearms were going to Mexico, and Defendants knew that Jose Alfredo Roman-Jurado had ties to drug cartels. Some of the evidence at trial was not particularly compelling. The jury acquitted Defendants on 24 of the 28 counts

before it. The Tenth Circuit observed that the Government's case was not as strong on the conspiracy count (count 1) and the smuggling counts (counts 11–28) as it was on the straw purchase counts. *United States v. Reese,* 745 F.3d 1075, 1090 (10th Cir. 2014). Nonetheless, the facts supporting the enhancements for Defendants pursuant to U.S.S.G. § 2K2.1(b)(1)(C) (6-level increase because the offenses involved between 25 and 99 firearms); U.S.S.G. § 2K2.1(b)(5) (4-level increase because Defendants engaged in the trafficking of firearms); and U.S.S.G. § 2K2.1(b)(6) (4-level increase because Defendants used or possessed the firearms with knowledge that the firearms would be used in another felony offense, that is exporting firearms without a license); as well as the facts supporting the enhancements for Rick Reese and Terri Reese under U.S.S.G. § 3C1.1 (2-level increase for obstruction of justice) were proved by a preponderance of the evidence.

The Court adopts the findings in the presentence reports based on the evidence at trial. For Rick Reese and Terri Reese, the appropriate offense level is 28 and the criminal history category is I. For Ryin Reese, the appropriate offense level is 26 and the criminal history category is I. Pursuant to U.S.S.G. § 5G1.1, the guideline imprisonment sentence for each Defendant is 60 months.

## V. Defendants' Motions for Variances

"In *United States v. Booker*, 543 U.S. 220 (2005) the Supreme Court held that the mandatory application of the Guidelines to judge-found facts (other than a prior conviction) violates the Sixth Amendment." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). The Court held that the appropriate remedy was to "excise the provision of the federal sentencing statute that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), effectively

making the Guidelines advisory." *Id.* Although advisory, the guidelines remain "a factor to be considered in imposing a sentence." *Id.* In fact, "the starting point and the initial benchmark for any sentencing decision must be a correctly calculated Guidelines sentencing range." *United States v. Todd*, 515 F.3d 1128, 1134 (10th Cir. 2008) (internal quotation marks omitted). However, district courts need no longer follow the rules for departures in order to sentence outside the guidelines. *See United States v. Gantt,* 679 F.3d 1240, 1247 (10th Cir. 2012) ("Now that the Sentencing Guidelines are only advisory, there are no mandatory requirements as to when a district court may sentence a defendant to an above or below Guidelines sentence." (internal quotation marks omitted)). Instead, district courts can vary from the guidelines "through application of the § 3553(a) factors." *Alapizco-Valenzuela*, 546 F.3d 1208, 1216 (10th Cir. 2008); *see also Gantt*, 679 F.3d at 1247 ("A variance can be imposed without compliance with the rigorous requirements for departures.").

When imposing a variance, the district court must consider the factors under 18 U.S.C. § 3553(a). These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for -- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. 18 U.S.C. § 3553(a).

While the guideline imprisonment sentence for each Defendant is 60 months, after considering the factors under 18 U.S.C. § 3553(a), the Court has determined that variances to time-served sentences are appropriate. In evaluating the Section 3553(a) factors, the Court has made an individualized assessment as to each Defendant and determined that time-served sentences are sufficient but not greater than necessary to achieve the statutory purposes of sentencing. *Id.*

The nature and circumstances of the offense and the history and characteristics of the defendants militate in favor of time-served sentences. Defendants were convicted of knowingly making false statements in connection with the acquisition of firearms. Except for the instant case, none of the Defendants has any criminal history. Defendants have been fully compliant with all conditions of release. Defendants built and operated the New Deal business for many years without incident. Defendants have lived most of their lives as respected, upstanding members of their community. Rick and Terri Reese have been married for 33 years. Rick and Terri Reese built their own home and raised Ryin Reese and his brother Remington outside Deming, New Mexico. The Reese family operated a successful business that was a friend to law enforcement. By all accounts the Reese family is very close and supportive of each other.

While, of course, they are not the victims, this matter has taken a heavy toll on the Reese family. Rick Reese and Ryin Reese served 526 days and Terri Reese served 207 days in pretrial detention. Notably, Remington Reese served 338 days in jail although ultimately acquitted on all counts. The family business was destroyed. Their home and property are subject to forfeiture. As convicted felons, Defendants will be unable to obtain a federal firearms license and operate their former business or any like it. Defendants pose no danger to the public, as evidenced by their

behavior on release. There is no likelihood of recidivism as Defendants are unable to sell firearms. Deterrence from any other criminal conduct can be achieved through three-year terms of supervised release.

The imposition of time-served sentences reflects the seriousness of the offenses, promotes respect for the law, affords adequate deterrence to criminal conduct, and provides just punishment for the offenses. The sale of weapons intended for drug cartels south of the border is an abomination for any responsible licensed gun dealer. Such sales fuel a war that has resulted in thousands of deaths. Such conduct must be stopped and punished accordingly. The sentences imposed and the resulting devastation to this family and its business provide appropriate fair warning and a cautionary tale to any who would follow this same path. There is no need to furnish Defendants with educational or vocational training, medical care, or other correctional treatment. The Court has considered the kinds of sentences available and the sentencing ranges established by the guidelines and has concluded that variances to time-served sentences are reasonable under 18 U.S.C. § 3553(a).

Defendants are placed on three-year terms of supervised release. Defendants must comply with the conditions imposed by the Court.

The Court declines to impose any fine on Defendants as their property is subject to forfeiture and they lack other financial resources.

Defendants shall pay special penalty assessments of $100 for each count of conviction, which are due immediately.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Vacate Felony Conviction (Doc. 479) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Objections to Pre-Sentence Reports (Doc. 477) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motions for Variance (Docs. 480, 481 and 482) are **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**